## Happy Coal Co. v. Hartbarger et al.

(Decided Nov. 10, 1933.)

CRAFT & STANFILL for appellant.
ROY HELM for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On March 7, 1928, the appellee and plaintiff below, W. F. Hartbarger, was a coal miner and in the employ

of the appellant and plaintiff below, Happy Coal Company, both of whom had accepted the provisions of our Workmen's Compensation Act. An agreed settlement was reached between the parties with reference to the amount of compensation due defendant for compensable injuries he sustained while so employed, and it was filed with the Workmen's Compensation Board and adopted as its award. Its provisions and obligations were performed and executed by the employer. Subsequently, and on September 24, 1928, appellee moved the board for a reopening of the case, as is provided for by section 21 of our Workmen's Compensation Act, now section 4902 of the 1930 edition of Carroll's Kentucky Statutes. That motion was supplemented by another one filed with the board on December 17, 1928. The employer (appellant) appeared at the hearing of the motion, as so supplemented, and resisted the opening of the case, and evidence was introduced by both parties and considered by the board, followed by its decision that the applicant was not entitled to a reopening.

Appellee then carried the case to the Perry circuit court by a petition filed therein for a review of the board's order, and, upon a hearing thereof in that court, the decision of the board was reversed and an order entered directing it to reopen the case. From that judgment appellant prosecuted an appeal to this court, and the judgment of the circuit court was reversed in the case of Happy Coal Company v. Hartbarger, 233 Ky. 273, 25 S. W. (2d) 384. After the filing of the mandate of this court in the trial court, the employee made some similar motions before the board, followed by a like result.

In the meantime a change in the personnel of the membership of the board was made, and on July 19, 1932, after the new members of the board were installed, another motion of the same nature was made by Hartbarger, which was amended eleven days thereafter (July 30, 1932), and plaintiff herein appeared and resisted it in the same manner it had done the first motion, supra, for the same purpose. The grounds for the first and last motions were and are practically the same, there being nothing stated in the last one, as grounds therefor, that arose and had occurred since the hearing of the first motion, and at the trial of the last motion (which is the one involved on this appeal) no such subsequently occurring

ground was, or was attempted to be, proven, the only difference being that the same facts were attempted to be established by a few additional witnesses. One of the appellant's defenses which it interposed before the board on the hearing of the last motion was a reliance on the former judgment, supra; but it and the court at the trial of the petition for review overruled it and ordered the application reopened and from that judgment appellant prosecutes this appeal.

In our opinion supra we determined two points: (1) That the board's finding of fact upon the hearing of a motion to reopen an award was conclusive upon the courts in the hearing of a petition for review, if there was any evidence to sustain the board's order; and (2) that a hearing and decision on the motion to reopen, if contested and the merits of the case gone into, was tantamount to, and would be given the same effect as would be given to the board's action if the motion had been sustained and a retrial of the case had. In other words, it was held in our former opinion, and also in the prior one of Trout v. Fordson Coal Company, 225 Ky. 372, 9 S. W. (2d) 109, that it was discretionary with the board and the parties as to whether the merits of the grounds of the motion would be gone into upon such hearing, or upon the hearing after the motion was sustained and the case ordered reopened. It necessarily follows, therefore, that the hearing on the first motion herein, and which was finally disposed of in the first case supra (Happy Coal Company v. Hartbarger, 233 Ky. 273, 25 S. W. [2d] 384), became and was a final adjudication of the rights of the parties as based upon the facts and grounds as they then existed, and which is true because of the well-known doctrine of res judicata, since it is as applicable to the quasi judicial acts of public commissions and administrative boards, as it is to judgments of courts. In substantiation of which is the text in 34 C. J. 878, sec. 1287, saying: "The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers. This rule has been recognized as applying to the decisions of road or highway commissioners, boards of audit, county boards, common council or mu-

nicipal assembly, tax commissioners, boards, or officers, school commissioners, police commissioners, public service commissioners, land commissioners or officers, patent officers, collector of customs, referees in bankruptcy, and other like officers and boards.''

Cases from many state courts, as well as federal ones, are cited in the copious notes to that text. There is also a reference in note 3 to that text to a prior section in the same volume (1171) on page 759, in which the compiler thereof says: ''A decision rendered by an officer or a board of state or municipal officers, when acting judicially, and which has by law the force and effect of a judgment, is a bar to further actions on the same matter between the parties or their privies,'' etc. That text is also fortified by many cases cited in note 93. See, also, 15 R. C. L. 998, sec. 474. We deem it unnecessary to incumber this opinion with further substantiating authority, since the rule as incorporated in the inserted texts rests upon a sound basis. If it were otherwise, a movant desiring compensation before the board having charge of the administration of such acts would never be concluded, and could perpetually harass his adversary from day to day, as well as the board, with successive motions based upon the same facts, until the time expired under the law for making them. Such a procedure is in direct conflict with the cherished rule that ''there should be a finality to litigation,'' and to that end the law disallows to the losing litigant, or claimant, a second independent cause of action or complaint based upon the same facts and upon the same grounds of his former lost one.

Applying that rule to the facts of the instant case, we see no escape from the conclusion that the court, as well as the board, erred in rejecting that defense upon the hearing of the last motion before the board, and upon the hearing in the circuit court at the trial of appellant's petition for review. In response thereto, or objection to the reopening of the case on the motion under review, defendant (the employee) said: ''In reply to that [the Res judicata defense] we wish to suggest that it is not a question of whether or not the plaintiff has heretofore asked that this case be reopened, but that it is a question of whether or not justice has been had in this case.'' Counsel for appellee

in his brief filed in this court nowhere discusses the reliance made by plaintiff in this action in its objection to reopening the case before the Compensation Board at its hearing upon the last motion made therefor, except the reference thereto which we have inserted. Since, therefore, this proceeding is one embraced by the judicial estoppel doctrine, supra, there appears to be no escape from the conclusion that both the Compensation Board and the trial court erred in not sustaining appellant's plea relying thereon.

Wherefore the judgment is reversed, with directions to set it aside and to enter one directing the board to dismiss appellee's motion to reopen the case, and for other proper proceedings not inconsistent with this opinion.