## Cardinal Bus Lines v. Consolidated Coach Corporation, Inc., et al.

(Decided May 29, 1934.)

JOS. M. HAYSE, W. W. EVANS, E. H. EVANS and LESLIE W.. MORRIS for appellant.

RODMAN W. KEENON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Prior to January 30, 1932, the Cardinal Bus Lines. filed an application with the commissioner of motor transportation of Kentucky for an extension of its permit No. 6056 to operate motorbus for hire on state highway No. 61 from Leitchfield, Ky., to Earlington, Ky. The Consolidated Coach Corporation, in 1929, had filed with the commissioner of motor transportation an application for a permit to transport by motorbus passengers from Louisville, Ky., to Paducah, Ky., over Highway U. S. 31-W from Louisville, Ky., to Elizabethtown, Ky.; Highway U. S. 62 from Elizabethtown, Ky.,. to Smithland, Ky.; and Highway U. S. No. 60 from Smithland, Ky., to Paducah, Ky. At the same time, H. B. Snyder & Sons, by regular application, applied for a permit to engage in the same business from Leitchfield,. Ky., to Central City, Ky.; the Bowling Green-Hopkins-

ville Bus Company also had on file at that time an application for a permit to engage in the same business from Greenville, Ky., to Elizabethtown, Ky.; Ed Nelson had on file an application to engage in the same business from Central City, Ky., to Paducah, Ky., and the Safety Motor Coach Company also had on file its application for a permit from Louisville, Ky., to Paducah, Ky.

On January 30, 1932, on the evidence produced by the respective applicants, the commissioner of motor transportation stated his findings in this language:

"The Commissioner has gone thoroughly into the case as to the matter of the different applicants being able to give the proper service to the traveling public, and has also taken into consideration permits that are now in effect over said route. He finds that the Cardinal Bus Company is at present the owner of a certificate from Elizabethtown to Leitchfield and from Madisonville to Kuttawa, and in issuing a certificate to the Cardinal Bus Company, will close the gap in their permit from Leitchfield to Madisonville, which would give through bus service from Louisville, Kentucky to Kuttawa, Kentucky over Highway No. 61. In order to issue permits to any of the other applicants, it would be necessary to establish two permits on a part of this route or have the route covered by more than one bus company which would cause passengers wanting to make a through trip to have to change buses at different points. After taking all of these questions into consideration, I have come to the conclusion that the Cardinal Bus Company is entitled to the permit and same will be issued to them as an extension of their permit No. 6056 from Leitchfield to Earlington."

A. L. Henry and Virgil Pierce, under the name of the Cardinal Bus Lines, operated motorbus for hire on permit No. 6056, as extended by the above order of the commissioner; the Consolidated Coach Corporation, a corporation engaged in the same business over an entirely different route, under permits granted by the same officer, with its principal officer and place of business at Lexington, Ky.; the Dixie Greyhound Lines, Inc., under permits granted by the same officer, authorizing it to engage in the same business on a route different from

both the Cardinal Bus Lines and the Consolidated Coach Corporation.

On March 4, 1932, the Cardinal Bus Lines filed with the commissioner of motor transportation an application for an extension of its permit from Kuttawa, Ky., to Paducah, Ky., in order to provide through bus service from Louisville, Ky., to Paducah, Ky., and vice versa, on highway No. 61, from Louisville, Ky., to Boston, Ky.; No. 62 from Boston to Earlington; No. 41 from Earlington to Madisonville; and No. 62 from Earlington to Kuttawa. Thereafter the Dixie Greyhound Lines filed its application for a permit to operate a bus line for the carrying of passengers for hire from Smithland to Madisonville, over the same route applied for and then operated by the Cardinal Bus Lines from Madisonville to Kuttawa.

On the hearing before him on May 20, 1932, of the application of the Cardinal Bus Lines for the extension of its certificate from Kuttawa, Ky., to Paducah, Ky., via highway No. 62, from Kuttawa, Ky., to Smithland, Ky., and highway No. 60 from Smithland, Ky., to Paducah, Ky., and the application of the Dixie Greyhound Lines for the extension of its certificate, No. 6033, from Smithland, Ky., to Madisonville, Ky., over highway No. 62, the commissioner permitted the Consolidated Coach Corporation, over the protest of the Cardinal Bus Lines, to pick up its application which had been heard and disposed of by him on the evidence of the interested parties by his order of January 30, 1932, and again on the same application, heard and determined thereunder its right to the requested permit, in conjunction with the applications of the Cardinal Bus Lines and the Dixie Greyhound Lines.

On this hearing the commissioner extended the Cardinal Bus Lines' certificate No. 6195 to operate, intrastate, from Kuttawa, Ky., to Paducah, Ky., over highways Nos. 62 and 60. He extended the certificates, No. 6933, of the Dixie Greyhound Lines from Smithland to Madisonville to operate, intrastate, over highway No. 62 via Kuttawa, Ky., and Princeton, Ky., and also issued a certificate to the Consolidated Coach Corporation from Louisville to Madisonville to operate, intrastate, from Louisville, Ky., to Madisonville, Ky., over highway No. 31-W, and 62 via Elizabethtown, Leitchfield, and Central City.

Before and at the time of the hearing on May 20, 1932, the Dixie Greyhound Lines held permit No. 6033 from Paducah, Ky., to Henderson, Ky., over highway No. 60 via Smithland "where Highways Nos. 60 and 62 meet." It appears from the record that the commissioner, instead of granting an extension to it, as applied for, in fact granted an additional permit from Smithland to Madisonville over highway No. 62, apparently distinct and separate from its permit No. 6033. So granting the two permits, the commissioner enabled the Dixie Greyhound Lines to connect at Madisonville with the Consolidated Coach Corporation over highway No. 41, or southwardly from Henderson through Madisonville and over highway No. 62 and No. 31-W from Louisville and vice versa. It thus appears that two of the permits granted by the commissioner, one to the Cardinal Bus Lines and the other to the Consolidated Coach Corporation, in connection with the Dixie Greyhound Lines, are over, at least in part, the same route or routes.

The Cardinal Bus Lines, under the authority of section 2739j-16, Kentucky Statutes, prosecuted, from his finding of facts and decisions of law, an appeal to the Franklin circuit court which declined to set aside the action of the commissioner, and it is here endeavoring to reverse the judgment of the Franklin circuit court. Its judgment being adverse, it is appealable to this court. Black Bus Line v. Consolidated Coach Corp., 235 Ky. 559, 31 S. W. (2d) 917. Its grounds of reversal are, the commission acted without or in excess of his power; his award is not in conformity with the statutes; and his finding of facts and decisions of law are not authorized by the evidence.

Its first insistence is based on the contention that the commissioner was without power to reconsider and hear evidence on the application of the Consolidated Coach Corporation for a permit which had been denied it by the commissioner on January 30, 1932. There is no dispute that the application of the Consolidated Coach Corporation, heard on January 30, 1932, is the same as that heard and disposed of on May 20, 1932, in conjunction with the application of the Cardinal Bus Lines and the Dixie Greyhound Lines. It appears that it was the impression of the Consolidated Coach Corporation and the opinion of the commissioner that the hearing and disposition of the application of the Con-

solidated Coach Corporation was not a bar to the right of the commissioner again to hear and determine, de novo, its same application. In this view we cannot concur. The portion of the commissioner's finding of facts and decisions of law on January 30, 1932, set out above, does not, by its express language, dispose of the application of the Consolidated Coach Corporation. It must nevertheless be regarded as equivalent to a final judgment of the commissioner denying the permit to the Consolidated Coach Corporation, for it effectually denied the granting of the permit to it by granting one to the Cardinal Bus Lines. Bozeman Mortuary Ass'n v. Fairchild et al., 253 Ky. 74, 68 S. W. (2d) 756; De Zavala v. Scanlan (Tex. Com. App.) 65 S. W. (2d) 489.

The doctrine of res judicata applies to quasi judicial acts of the commissioner of motor transportation and other public commissions and administrative boards. Happy Coal Co. v. Hartbarger et al., 251 Ky. 779, 65 S. W. (2d) 977, 978; 34 C. J. 878, sec. 1171, p. 759, and sec. 1287, p. 878. In Happy Coal Co. v. Hartbarger et al., we quoted with approval this statement of 34 C. J. 878, sec. 1287, which reads:

"The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well as to the judicial and quasi judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers. This rule has been recognized as applying to the decisions of road or highway commissioners, boards of audit, county boards, common council or municipal assembly, tax commissioners, boards, or officers, school commissioners, police commissioners, public service commissioners, land commissioners or officers, patent officers, collector of customs, referees in bankruptcy, and other like officers and boards."

Continuing, we said:

"Cases from many state courts, as well as federal ones, are cited in the copious notes to that text. There is also a reference in note 3 to that text to a prior section in the same volume [1171] on page 759, in which the compiler thereof says: 'A decision rendered by an officer or a board of state or

municipal officers, when acting judicially, and which has by law the force and effect of a judgment, is a bar to further actions on the same matter between the parties or their privies,' etc. That text is also fortified by many cases cited in note 93. See, also, 15 R. C. L. 998, sec. 474. We deem it unnecessary to incumber this opinion with further substantiating authority, since the rule as incorporated in the inserted texts rests upon a sound basis. If it were otherwise, a movant desiring compensation before the board having charge of the administration of such acts would never be concluded, and could perpetually harass his adversary from day to day, as well as the board, with successive motions based upon the same facts, until the time expired under the law for making them. Such a procedure is in direct conflict with the cherished rule that 'there should be a finality to litigation,' and to that end the law disallows to the losing litigant, or claimant, a second independent cause of action or complaint based upon the same facts and upon the same grounds of his former lost one."

It is our duty to apply this rule in the pending case and, in doing so, we cannot avert the conclusion that the commissioner erred in permitting the Consolidated Coach Corporation again to engage in presenting before him for a hearing and a second determination its application which had been disposed of by him on January 30, 1932, and the circuit court also erred in approving the commissioner's ruling in this respect.

In construing the statutes (Ky. Stats. sec. 2739j.1 et seq.) authorizing the granting of permits to engage in the business of operating a motorbus for hire over a designated route, we have often stated that the statutes, as well as the rules and regulations of the commissioner, are to be construed in the interest of the traveling public, not the operator. Red Star Transportation Co. v. Red Dot Coach Lines, 220 Ky. 424, 295 S. W. 419, 3 S. W. (2d) 1087; Consolidated Coach Corp. v. Kentucky River Coach Corp., 249 Ky. 65, 60 S. W. (2d) 127, 131. It may timely be remembered and again stated: "That the question as to who or what applicant for a permit, person or corporation, shall be awarded a certificate, is one of secondary concern and importance; the dominant and paramount inquiry being whether the public's convenience and necessity

calls for the awarding of a certificate to any person or corporation to operate for hire its private business of motorbus transportation over the public's highways, constructed at so great expense to them.''

Consolidated Coach Corp. v. Ky. River Coach Co., supra. Our language in Red Star Transportation Co. v. Red Dot Coach Lines, was.:

''Public service and the proper maintenance of the highways do not require the use of more busses than are sufficient to supply reasonably adequate service. Such service depends on the transportation companies making reasonable returns on their investment, and, as the rates charged must be approved by the commissioner, they cannot be made unreasonable. Unlimited competition would not only divide patronage, but have a tendency to lower rates to a point at which all would lose money and result in a survival of the fittest, or to the bankruptcy of all to the injury and detriment of the service, hence a wide discretion is vested in the commissioner, who is required, before granting a permit, to consider not only the public necessity and convenience of the proposed route, but also the character of existing service and the rights of others already engaged.''

And as was said in Consolidated Coach Corporation v. Ky. River Coach Co.:

''Sections 2739j-3 and 2739j-4 provide that no such certificate shall be issued by the commissioner until it shall be established that the service proposed to be rendered by the applicant is not being adequately performed at the time of such application by any other person, firm, or corporation, and, further, that it shall be his duty to refuse any application for a permit over a route where there has already been two or more lines established, unless shown to the commissioner's satisfaction that the existing operations are not sufficient to take care of the traveling public and the persons holding said certificates refusing to put on sufficient service to take care of the traveling public.''

In every case, before granting a second or a subsequent permit, it is the duty of the commissioner to determine from the facts that an additional bus line

over the route is reasonably required for the convenience and also the necessity of the traveling public, and unless the facts presented by the applicant for a second or subsequent permit over the same route demonstrate with certitude that the granting of the same is reasonably required for the convenience and also the necessity of the traveling public, the commissioner is without authority under the statutes to grant it.

The evidence in the present case was that adequate service was being rendered by the Cardinal Bus Lines, with its equipment over the route or routes covered by its permit, including the extension to Paducah. Indeed, no contrary evidence was offered. Therefore, even though the Consolidated Coach Corporation was not barred by the finding of facts and decisions of law of the commissioner, of date January 30, 1932, applying the prohibition or limitation of the power of the commissioner, as set out in the statutes, and this court's construction thereof in Barnes v. Consolidated Coach Corporation and Consolidated Coach Corporation v. Ky. River Coach Co., and other cases, it is our conviction the permit to the Consolidated Coach Corporation was improperly granted. Neither argument nor authority is required to sustain the statement that the commissioner erred in granting to the Dixie Greyhound Lines an extension of its permit over a route not embraced in its application. Also, it was an error to grant to the Dixie Greyhound Lines an extension of its permit over any section of the highway or highways embraced by the original or the extended permit of the Cardinal Bus Lines, for there was no showing whatsoever that the equipment of the Cardinal Bus Lines was not adequate and its service not satisfactory, or sufficient to answer the requirement of the convenience and also the necessity of the traveling public.

The Cardinal Bus Lines complains of the action of the commissioner in allowing the Consolidated Coach Corporation to protest the granting of a permit in accordance with its application, insisting as a basis of this contention that the extension of the permit to the Cardinal Bus Lines in no way affected the business of the Consolidated Coach Corporation. No evidence was offered showing any reason for permitting the Consolidated Coach Corporation to protest against the extension of the Cardinal Bus Lines' permit, other than that the application which had been denied it by the action

of the commissioner on January 30, 1932. With the application disposed of January 30, 1932, in the absence of a showing that the Consolidated Coach Corporation was in some way affected by the permit sought by the Cardinal Bus Lines, it was a useless expenditure of time and costs to permit it to resist an application in no way affecting it. The interlocking interests of the Dixie Greyhound Lines and the Consolidated Coach Corporation did not justify the latter nor authorize the commissioner to permit it to protest against the application of the Cardinal Bus Lines. The Consolidated Coach Corporation manifested no sufficient interest in the issues involved to entitle it to protest against the extension of the permit of the Cardinal Bus Lines.

Wherefore, the judgment is reversed; the circuit court will remand the cause to the commissioner of motor transportation with directions to him to enter orders in conformity herewith and for proceedings consistent with this opinion.