ARKANSAS MOTOR COACHES OF TENNESSEE, INC., v. MATHIS BUS LINE, INC.

4-6957                                                   168 S. W. 2d 392

Opinion delivered February 8, 1943.

*John S. Mosby*, for appellant.

*H. M. Cooley* and *Harvey G. Combs*, for appellee.

SMITH, J. With the approval of the Arkansas Corporation Commission, hereinafter referred to as the Commission, the Mathis Bus Line, Inc., hereinafter referred to as the Mathis Line, acquired an outstanding permit to operate as a common carrier of passengers between Jonesboro and Newport via Waldenburg over highways 39, 14 and 67.

On January 27, 1939, Mathis Line presented a petition to the Commission for authority to suspend operations under this permit for a period of 90 days upon the representation made to the Commission that the high-

ways covered by these permits had become impassable and that for this reason it was impossible to continue operations. The Commission issued its order permitting Mathis Line to suspend operations for 90 days. Before the expiration of that time, on April 8, 1939, the Mathis Line filed an amended time schedule seeking to restore the operations that had been temporarily suspended. The resumption of operations was protested by the Arkansas Motor Coaches, Ltd., and by B. Frank Williams, an individual, and upon the application of protestants the Commission set down for hearing the propriety of authorizing restoration of services by the Mathis Line over said roads. This application for resumption of operations was set down for hearing by the Commission along with the application of Williams to operate over this and other roads. After hearing much testimony the Commission granted Williams a permit over other roads, but made no disposition of the application of the Mathis Line to resume operations.

Certain carriers had intervened in the application on the part of Williams for the permit granted him and that feature of the case finally reached this court, where it was ordered that the permit to Williams be vacated and in the opinion so holding it was said: "We do not understand that the Commission has canceled the Mathis Bus Line permit. Whether it should permit the resumption of services is not a question presented on this appeal." *Mo. Pac. Ry. Co.* v. *Williams,* 201 Ark. 895, 148 S. W. 2d 644.

While that appeal was pending, the Commission, then in office, revoked and canceled the authority and permit of the Mathis Line to operate, under its permit, over highways 39 and 14 between Jonesboro and Newport via Waldenburg. This order was made on December 7, 1940.

On April 1, 1941, the Mathis Line filed a petition for authority to resume operations on the ground that the order of December 7, 1940, just referred to, had been made without notice and, therefore, without the opportunity of being heard.

On April 18, 1941, the Arkansas Motor Coaches intervened and protested the granting of this relief to the Mathis Line on the ground that the right of the Mathis Line to resume operations had theretofore been heard by the Commission and had been denied. The Commission sustained the motion to dismiss the prayer of the Mathis Line and dismissed the petition, and from that order the Mathis Line did not appeal.

On October 29, 1941, the Mathis Line filed another petition with the Commission praying authority to resume operations and the Arkansas Motor Coaches, Ltd., and the Arkansas Motor Coaches of Tennessee, Inc., intervened and filed a motion to dismiss the petition of Mathis Line in which it was alleged that the matter had previously been fully adjudicated by the Commission and that the order of the Commission rendered December 7, 1940, constituted a bar to the power of the Commission to consider the petition filed October 29, 1941. The order of April 18, 1941, above referred to, was also pleaded as a bar to the power of the Commission to further hear the matter.

The Commission heard testimony and prepared an elaborate finding embodying all the facts above stated. The Commission made the finding and ordered that all proceedings subsequent to December 7, 1940, had been made upon the order that day made. It was found and ordered as follows:

"Conclusions and Order

"The Commission concludes from the testimony presented in this case, and from the records on file in this office, that it was error to sustain this motion without hearing testimony.

"It further concludes that it was error for the Arkansas Corporation Commission to conduct a hearing on May 23, 1939, and hold the case under advisement until the 7th day of December, 1940, which had the effect of depriving the carrier of its day in court and its statutory right of an appeal for almost two years.

"The Commission finds that the motor vehicle law of the state of Arkansas at the time this case was origi-

nally heard, reads as follows: 'Each license certificate issued under the provisions of this act shall contain such matters as may be prescribed by the Commission and shall specify that the same is issued for an indeterminate period of time, and after such license has been issued the same shall be canceled only for cause after notice and hearing, as herein provided,' (Act 99 of the General Assembly of 1927, as amended by Act No. 62 of 1929).

"The Commission further finds that the law provides that after a license certificate has been issued the Commission is authorized to suspend temporarily the permit when the condition of the public highways require it.

"The Commission finds that the Mathis Bus Line was authorized lawfully to suspend temporarily its operation over this route for a period of ninety days; that it attempted to restore this operation within the 90 days and that the matter was set down for hearing on the protest of the Arkansas Motor Coaches, Lt. The Commission concludes that since the statute provides 'That no license, after issuance, could be canceled only for cause after notice and hearing' as provided in the law, and statement was made in the record that no notice was given to the Mathis Bus Line of the protest relative to the restoration of service which has been temporarily suspended and said protest did not state a legal cause that would warrant the cancellation of the certificate, and it further appearing that most of the testimony relative to the restoration of the service by the Mathis Bus Line was given before this Commission regarding road conditions in the B. Frank Williams case and it being of the opinion that road conditions is not sufficient cause or one contemplated by the statute, for the cancellation of the certificate, concludes that the prayer of the petitioner should be granted, and that the Mathis Bus Line, Inc., should be restored to all its rights and privileges under Permit B-305 covering the operations of buses for transportation of passengers over state highways 39 and 14 between Newport, Waldenburg and Jonesboro. Appropriate schedules may be filed in

this office to become effective within ten days from date of the issuance of this order.''

From the order of the Commission restoring the permit of the Mathis Line an appeal was duly prosecuted to the circuit court, where the order was affirmed, and from the order and judgment of the circuit court is this appeal.

For the reversal of this judgment of the circuit court appellant says: ''As we see it, the real issue involved is the appellant's plea of *res judicata*. We believe that all matters had been fully and completely adjudicated by the order of the Commission of December 7, 1940, and were again fully and completely adjudicated by the order of the Commission of April 18, 1941, and that the plea of *res judicata* was well taken in the instant case against the third petition of the appellee to resume operations.''

To sustain this contention appellant cites the case of *Cardinal Bus Lines* v. *Consolidated Coach Corp.*, 254 Ky. 586, 72 S. W. 2d 7, in which case the Court of Appeals of Kentucky held that the doctrine of *res judicata* applies to quasi-judicial acts of the Motor Transportation Commissioner of that state. We think, however, that doctrine is not applicable to the facts of this case. Here, the Commission has found that its order of December 7, 1940, and the subsequent orders based thereon were void for the reason that it had been made in violation of the statutes cited in the order herein rendered. The Commission found that the order of December 7, 1940, had been rendered without the notice and hearing for which the statute provides. The Mathis Line had suspended operations, but it had done so with the permission and under the authority of the Commission and its permit had been canceled under a misapprehension of the facts and in a manner not authorized by law—that is, without notice or a hearing.

The Mathis Line had within the time allowed by the Commission attempted to resume operations. We do not understand that appellants had been granted any permit which the order here appealed from infringes. The

question as to which carrier should have a permit to operate over the roads in question was a matter within the exclusive original jurisdiction of the Commission, and, by permitting the Mathis Line to resume operations, the Commission has in effect granted that right to the Mathis Line.

This order involves no new permit to the Mathis Line. It merely restores a permit which was canceled erroneously and in violation of the law. We think the Commission had this power, and the judgment of the circuit court upholding that action will, therefore, be affirmed, and it is so ordered.