## Williamson v. Public Service Commission.

Oct. 8, 1943.

Caldwell & Gray for appellant.

Le Wright Browning amicus curiae.

J. W. Jones for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The Inland Gas Corporation was organized for the purpose of procuring, transporting and distributing natural gas to consumers thereof, and which it says was confined, from the beginning of its operations, to the furnishing of gas to industrial institutions although it may have, under the terms of its charter, been authorized to distribute and furnish its product to individual domestic consumers, or to others engaged in that branch of service. In 1935 it went into bankruptcy and later the bankruptcy court appointed the appellant, Ben Williamson, Jr., trustee of the bankrupt estate, and directed him to continue to operate the business of the bankrupt until further orders of the court, and pending negotiations for refinancing schemes then under contemplation. At the same time the court issued a general order of injunction—authorized by the Federal Bankruptcy Act, 11 U. S. C. A., Section 1 et seq.—enjoining all persons "from instituting or prosecuting or continuing the prosecution of any action at law or action or proceeding in Equity or Bankruptcy against the debtor, or its Receiver in Equity, or the Trustee, in any court of Law or Equity or

Bankruptcy, or before any association, commission, board, referee or other court or tribunal; and from interfering in any other manner, to prevent the discharge by the trustee of his duties and obligations in the maintenance and operation of such business under the orders of this Court." It was, however, provided in that order that "the court or Judge may upon notice, and for cause shown, permit to be instituted or maintained any judicial proceedings to enforce any lien upon the estate of debtor that may be appropriate." That proviso appears to be confined to litigation to enforce a lien against the estate of the bankrupt and does not prescribe that the court might permit litigation by the persons enjoined seeking other character of relief, but the order without the proviso enjoined every character of litigation as therein specified.

Either prior to or following the entry of that order (it being entirely immaterial) a corporation was formed known as "The Eureka Gas Company" with power and authority to operate a distributing gas plant within the city of Olive Hill in Carter County for domestic purposes. It constructed its plant and later applied to the appellee and defendant, Public Service Commission of Kentucky, (usually referred to as Kentucky Utility Commission) for an order compelling the trustee as operator of the Inland Gas Corporation properties to connect or permit the Eureka Gas Company to connect the latter's pipes with those of the former at or near Olive Hill, to which point either the trustee or the bankrupt had laid its pipes in furnishing gas to industrial institutions in that vicinity engaged in manufacturing fire brick, and which was within the service to which the bankrupt and its trustee contended was the only one to which the facilities of the bankrupt estate had theretofore been devoted.

The trustee as such and for and on behalf of its bankrupt estate appeared before the appellee, Commission, and resisted the order applied for by the Eureka Gas Company, upon the ground that the Commission had no jurisdiction of the subject matter, and any order it might make in the premises would be void for the reason that the bankrupt under its plan was devoting its operations to the furnishing of gas to industrial institutions only and had theretofore contracted with such customers for its entire output; that it was not then nor had it ever been engaged in furnishing its product to domestic con-

sumers, or to others engaged in such service, and to compel it to divert its product to such purpose would not only require it to depart from the character of service it had always rendered, but would also impair contracts theretofore made with customers pursuant to that purpose by reducing its product below the amount of service agreed to be rendered to its selected customers of the class indicated. Furthermore, it developed in the record that the Eureka Gas Company, as petitioner to the defendant and appellee, was violating the injunction issued by the bankrupt court, not even requesting permission from that court to make such application, even if the court had reserved the right to grant it in the injunction order. Evidence was taken—largely and mostly upon the issue as to whether or not the Inland Gas Company and its trustee had confined its service to the character of customers supra, or had in addition thereto furnished gas for domestic purposes. It greatly preponderates that they had theretofore followed the adopted character of service supra, and we think the evidence largely preponderates to that effect.

However, it is admitted that the application made to the Commission by the Eureka Gas Company was done in violation of the bankrupt court's injunction, the petitioner not even requesting permission of the court to make such application. The Commission, after hearing the evidence and on final submission of the application to it, determined that the bankrupt through its trustee was operating a public utility of which the Commission had jurisdiction of such utility service within Kentucky, the central office of the bankrupt being located at Ashland, Kentucky. As such the Commission held that it was its duty to serve all the public who might apply for its product within reasonable circumstances. In so determining the Commission ignored the injunctive order of the bankrupt court and expressly held that it had jurisdiction to hear and determine the application by the Eureka Gas Company. It then found that it was the legal duty of the bankrupt and its trustee to permit the connection contended for by that Company and directed the respondent to do so within sixty days from the entry of that order.

Within the time required by 278.410, KRS, Edition 1942, the trustee brought an action in the Franklin Circuit Court against the Commission in which it set up the

facts as hereinbefore outlined and sought a review of the order of the Commission, contending as it had done before the Commission, that the order entered by it was coram non judice and void for the reasons above stated. The answer of the Commission put in issue the affirmative allegations of the petition and the cause was ordered heard on the record made before the Commission. The court later adjudged that the Commission possessed jurisdiction to enter the order and that the facts justified that conclusion and its order was affirmed. An appeal was prosecuted to this court, but not within the time prescribed therefor, and upon manifestation of that fact the appeal was dismissed on March 10, 1942, which left the judgment of the Franklin Circuit Court in full force and effect and it has continued to remain so.

On September 1, 1942, an identical action was filed in the same court (Franklin Circuit Court) by the same plaintiff against the same defendant, seeking identical relief as that sought in the action which the Franklin Circuit Court had previously adjudged, and the appeal from which to this court was dismissed. The judgment under review by this appeal is the one rendered by the Franklin Circuit Court in the last action above referred to.

The defendant relied for defense on the original judgment of the Franklin Circuit Court rendered in the first action, which was still in full force and effect. With its pleadings it filed exhibits which were copies of the pleadings and orders of the Commission, and of the Franklin Circuit Court as made up in the first action. Plaintiff demurred and, without waiving it, filed a reply in which it was stated that this court did not pass upon the merits of the first case but dismissed the appeal because it was not filed in time and which left, as it contended, the merits of the case to be disposed of. In another paragraph it contended that the judgment or order of the Commission, as well as the judgment of the Franklin Circuit Court, was void. The court sustained a demurrer to the reply and overruled plaintiff's demurrer to the answer of the Commission, followed by plaintiff declining to plead further, whereupon the court rendered the same judgment that it had done in the first case, from which this appeal is prosecuted.

It is strenuously argued by employed counsel for plaintiff that the Commission possessed no jurisdiction

to enter its order complained of, because plaintiff was not the character of utility company—even if one at all— of which the Commission is given jurisdiction under the statute creating it; whilst amicus curiae counsel argues that even if the Utility Commission did have jurisdiction of the questions involved the failure of the Eureka Gas Company to obtain permission from the bankrupt court before applying to the Commission deprived the latter of jurisdiction to entertain and pass upon the merits of the motion. Whether or not either of those contentions possessed merit or not need not be determined on this appeal, as we conclude, because we are convinced that the trial court properly sustained the defense of res adjudicata.

The doctrine of such an estoppel applies to orders and judgments of "quasi judicial acts of public, executive, or administrative officers, and boards acting within their jurisdiction (the same) as to the judgments of courts having general judicial powers." 34 C. J. 878, Section 1287. That rule was approved and upheld by us in the cases of Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S. W. (2d) 997, and Cardinal Bus Lines v. Consolidated Coach Corporation, 254 Ky. 586, 72 S. W. (2d) 7. That is undoubtedly true as to orders and judgments of all boards, and commissions possessing quasi judicial functions, when there are disputed facts to be determined which are decisive of the question of jurisdiction. In this case the board was called upon to determine the facts as to whether plaintiff and his bankrupt had pursued the course of furnishing its product only to commercial institutions and not to the public generally for domestic purposes. We think the preponderance of the evidence sustained plaintiff's contention, though otherwise determined by the Commission and which presents a case of only an erroneous finding of fact by the Commission which is reviewable by an appellate tribunal.

But aside from the question as to the jurisdiction of the Commission in the premises, the Franklin Circuit Court, on application to it for review determined in the first case supra, that the Commission *did* have jurisdiction to determine the merits of the application and that it correctly did so and its orders were confirmed by that court. The Franklin Circuit Court undoubtedly had jurisdiction of the application made to it by plaintiff, not only of the subject matter and of the person of all liti-

gants, but it likewise had jurisdiction to determine the questions presented for determination. It held and so ordered that the trustee representing his bankrupt should comply with the order of the Commission as requested by the petitioner, the Eureka Gas Company. That judgment denied and overruled all of the grounds urged in plaintiff's petition for the injunction sought thereby.

But it is argued—and cases are cited to that effect—that the doctrine of res adjudicata has no application to a void judgment which can have no estopping effect and with which we agree; but that argument ignores the fact that a tribunal (Franklin Circuit Court) of original jurisdiction of the subject matter and the person of all litigants has determined the question otherwise in a proceeding in which the *exact* question was submitted to it and to which the plaintiff applied to obtain its determination of the very questions involved. It exercised that jurisdiction as plaintiff had called upon it to do and in such exercise it held that the order of the Commission was proper and that plaintiff should comply with it, and which the judgment appealed from directed to be done. To us it appears that it would be difficult to conceive of a case coming more completely within the doctrine of res adjudicata.

As herein stated we have not assumed to pass upon the merits of the two grounds urged before the Commission against its taking jurisdiction and entering the order in contest. We only decide that between the litigants now before us such questions are foreclosed from consideration, under the doctrine referred to and which necessarily confines our opinion to only the instant litigants with no binding effect upon similar applicants seeking the same relief as did the Eureka Gas Company in this case.

Wherefore, for the reasons stated, the judgment is affirmed.