**WEBB TRANSFER LINE, INC., et al.,
Appellants,**

v.

**Vernon JONES, d/b/a Jones Transfer Line,
et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1963.

Rehearing Denied June 26, 1964.

Harry McChesney, Jr., McChesney & Kinker, Frankfort, for appellants.

Herbert Liebman, George Catlett and Ben M. Combs, Asst. Atty. Gen., Frankfort, for appellees.

CULLEN, Commissioner.

In March 1960 Vernon Jones, d/b/a Jones Transfer Line, made application to the Department of Motor Transportation for a regular route common carrier truck certificate for operations between Louisville and Shelbyville. Webb Transfer Line, Inc., long-time holder of a certificate for this route, protested the application. Several other carriers with various operating rights over the route also protested. In April 1961 the department granted the certificate to Jones. Webb and the other protesting carriers appealed to the circuit court, which entered judgment upholding the order of the department, and they have appealed to this court.

In February 1957 Jones had made application for the same operating authority and in July 1957, after hearings on the protests of Webb and other carriers, the department had granted Jones a certificate. Pending appeals to the courts, Jones operated under this certificate until December 1959, when the mandate was issued in Jones v. Webb Transfer Line, Inc., Ky., 328 S.W.2d 407, in which this court affirmed the judgment of the circuit court setting aside the order of the department which had granted the certificate to Jones. The significance of the 1957 application and certificate shall presently be discussed.

Under KRS 281.630, a condition of the granting of a certificate for common carrier service is a finding "that the existing transportation service is inadequate." In Jones v. Webb Transfer Line,

Inc., Ky., 328 S.W.2d 407, it was held that the 1957 certificate should not have been granted because the evidence before the department did not warrant the finding that the existing service was inadequate. In the hearing on the 1960 application considerable evidence was introduced, over Webb's objection, concerning inadequacy of Webb's service prior to 1957. We are faced with the question of the extent to which such evidence properly could be considered.

In Cardinal Bus Lines v. Consolidated Coach Corp., 254 Ky. 586, 72 S.W.2d 7, 10, in holding that the Commissioner of Motor Transportation erred in allowing an applicant for a carrier certificate a second hearing after the application had been denied, this court said:

"The doctrine of res judicata applies to quasi judicial acts of the commissioner of motor transportation and other public commissions and administrative boards. * * *"

Similar holdings were made in Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S.W. 2d 977; Hystream Coal Corporation v. Ingram, 283 Ky. 411, 141 S.W.2d 570; Williamson v. Public Service Commission, 295 Ky. 376, 174 S.W.2d 526; and Bauer v. Alcoholic Beverage Control Board, Ky., 320 S.W.2d 126. The rule that the doctrine of res judicata is applicable in the field of administrative law has substantial support in other jurisdictions. See 2 Am. Jur.2d, Administrative Law, secs. 496 to 504, pp. 303 to 314.

In Happy Coal Co. v. Hartbarger, 251 Ky. 779, 65 S.W.2d 977, at 978, the court said, in support of the application of the rule.

"* * * If it were otherwise, a movant * * * would never be concluded, and could perpetually harass his adversary from day to day, as well as the board, with successive motions based upon the same facts, until the time expired under the law for making them. Such a procedure is in direct conflict with the cherished rule that 'there should be a finality to litigation,' and to that end the law disallows to the losing litigant, or claimant, a second independent cause of action or complaint based upon the same facts and upon the same grounds of his former lost one."

Applying the res judicata rule to the instant case, the result must be that inadequacy of Webb's service prior to 1957 could not be used as a *basis* for granting a certificate on the 1960 application, because Jones had the opportunity on the 1957 application to prove such inadequacy, and he failed. The decision of the circuit court, affirmed by this court on the former appeal, constituted a judicial determination that the service prior to 1957 was not inadequate.

We do not mean to say that on the 1960 application evidence could not be admitted as to the nature of Webb's service prior to 1957, as such evidence would tend to corroborate or complete a picture of *present* inadequacy, but we do mean that a finding of inadequacy cannot be *predicated* on what happened prior to 1957.

■ We have carefully read and analyzed all of the evidence for Jones on the 1960 application. It discloses only a few isolated instances of unsatisfactory service since 1957. Many of the witnesses said that during and after the time Jones was operating Webb's service was satisfactory. Others had not used Webb's service since 1957 and therefore did not purport to testify concerning its present inadequacy. The general purport of all of the evidence was that the witnesses felt that competition was a good thing in the motor carrier field, and that by permitting Jones to operate Webb would be compelled to continue giving good service. Some of the witnesses said they desired *better* service than Webb was giving, but their testimony does not make a showing that Webb's service is not now reason-

ably adequate. Reasonable adequacy is all that is required. Combs v. Johnson, Ky., 331 S.W.2d 730; O'Nan v. Ecklar Moore Express, Inc., Ky., 339 S.W.2d 466.

█ Jones argues that Webb's satisfactory service during the time Jones was operating was due solely to Jones' competition, and that Webb's satisfactory service after Jones stopped operating was due to the threat of Jones' new application. However, the fact remains that Webb's service has been adequate, and it is equally reasonable to believe that Webb has seen the error of his ways and will continue to render good service as it is to believe that he will lapse into poor service as soon as the threat of competition is removed. In any event, it is our opinion that a finding of *existing* inadequacy cannot properly be based upon the fear that if the threat of competition is removed the service will *become* inadequate.

It is our conclusion that the evidence concerning Webb's operations since 1957, even when considered against the background of his operations prior to 1957, does not warrant a finding of inadequacy, and that, under the res judicata rule, the operations prior to 1957 cannot serve as the basis for such a finding.

The Department of Motor Transportation is of the opinion that competition is a desirable thing in the motor carrier field. This may be true, but the statutes, in requiring a finding of inadequacy of existing service before the granting of a new certificate, do not express such a policy.

█ The department argues that its finding of inadequacy of existing service is supported by evidence that there *will be* a substantial amount of new freight business moving to and from Shelbyville by reason of the fact that a new manufacturing plant is being constructed and two existing plants are expanding their operations. The argument is predicated upon a 1956 amendment to KRS 281.630, which added to the statute these words:

"* * * provided, however, that nothing herein shall be construed so as to require the department to give, to any existing carrier authorized to render service to, from or between any point on the route proposed to be served by the applicant, any notice regarding the quality or quantity of its service to, from or between such points or to require the department to give to such existing carrier any opportunity to improve its existing service or to render the service found to be needed before the issuance of a certificate to the applicant."

The department maintains that the amendment is to be construed as meaning that an existing carrier has no protectible right to serve *new* business. However, in order to make that construction the department has to argue that the first question to be determined upon an application for a certificate is whether there is a need for additional service; and once it having been found that there is such a need, it follows that existing service is inadequate. The flaw in that argument is that there is a difference between a finding that there *is* a need for additional service and a finding that there *will be* a need for additional service. A finding that there will be additional freight business in the future does not establish that existing service *is* inadequate—which the statute prescribes as a condition of granting a new certificate. If the existing carrier keeps pace in his service with expanding business needs there will never be a point at which it can be said his service is inadequate (from the standpoint of quantity).

In our opinion the 1956 amendment means simply that if the department has found, on suitable evidence, that the service of the existing carrier *is* inadequate, the department is not required to give the carrier a grace period in which to

make his service adequate. It does not mean that the department can base a finding of inadequacy of existing service upon the fact that there will be more business in the future than the carrier now is handling.

The judgment is reversed with directions to enter judgment setting aside the order of the Department of Motor Transportation granting a certificate to Jones.

WILLIAMS, J., dissenting.