Robert **BARNES** and Joe Thompson, Plaintiffs,

v.

Charles **McDOWELL,** Ed Fossett, and Sam Seraglio, Defendants.

Civ. A. No. 83–09.

United States District Court, E.D. Kentucky, Frankfort Division.

Nov. 6, 1986.

Phillip C. Kimball, Louisville, Ky., for Robert E. Barnes.

James Groves, Jr., Louisville, Ky., for Joe Thompson.

Nathan Goldman and George Geoghegan III, Office of Atty. Gen., Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

BERTELSMAN, District Judge.

This 42 U.S.C. § 1983 action is before the court for resolution of the defendants' pleas of *res judicata*, presented by their motions for summary judgment.

### FACTS

This action was commenced by plaintiffs Robert Barnes and Joe Thompson in response to adverse personnel actions taken by the Kentucky Department for the Blind (formerly the Kentucky Bureau for the Blind) against the plaintiffs. The bases for the actions were sexual harassment of female employees and general incompetence or inefficiency. Both plaintiffs were discharged.

Plaintiffs allege that they made critical comments regarding the Department for the Blind and defendant McDowell, Executive Director of the Department for the Blind and plaintiffs' superior, and that this was the real basis for the personnel actions.

Plaintiffs appealed the firings to the Kentucky State Personnel Board.[1] The Board affirmed the Barnes dismissal but ordered Thompson reinstated following a thirty-day suspension. Plaintiff Barnes, but not plaintiff Thompson, then filed an appeal in the Franklin Circuit Court in which the Board's decision was affirmed. The Court of Appeals affirmed the Circuit Court. The Kentucky Supreme Court denied review.

Thus, it may be seen that Barnes went the full route of administrative review and lost both before the Personnel Board and before the state courts,[2] which affirmed both the findings of fact and conclusions of law of the Personnel Board. Therefore, the state courts have adjudicated that Barnes was guilty of misconduct and justly dismissed for that reason.

Plaintiff Thompson did not appeal beyond the State Personnel Board, which found that he was not guilty of sexual harassment, but was guilty of inefficiency sufficient to justify a thirty-day suspension. The Board found that Thompson had received one promotion too many, that he was not competent to discharge his duties effectively, but was not guilty of actual misconduct. Thus, the Board modified the penalty as to Thompson to a thirty-day suspension pursuant to Ky.Rev.Stat. 18A.095(23)(c).

Following a hearing held on September 11, 1986, this court granted summary judgment for defendants as to plaintiff Barnes, but did not enter a separate judgment under Fed.R.Civ.P. 58 or certify the matter for appeal. The court further ordered that plaintiff Thompson file a supplemental memorandum of law addressing the issues of *res judicata* or collateral estoppel applicable to the above administrative proceedings, with particular attention to the recent decision of the Supreme Court of the United States in *University of Tennessee v. Elliott*, —— U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

This memorandum has been filed. Barnes has also filed a motion to reconsider this court's granting of the defendants' motion for summary judgment based on *res judicata*.

### Barnes' Claim

It is clear under recent decisions of the Supreme Court of the United States that the claim of the plaintiff Barnes is barred by that aspect of the doctrine of *res judicata*, referred to as collateral estoppel.[3] The

---

1. This appeal is authorized by Ky.Rev.Stat. 18A.095(9). The Board holds formal hearings, sometimes using a hearing examiner. The factual findings mentioned in this opinion were made by a hearing examiner and affirmed by the Board.

2. Appeal to the Franklin Circuit Court and full appellate review is provided by Ky.Rev.Stat. 18A.100(2).

3. An excellent albeit succinct statement of the principles of *res judicata* and collateral estoppel as applicable to both courts and administrative agencies may be found in C. Koch, *Administrative Law and Practice*, § 6.63 (1985), as follows:

Personnel Board found that he had engaged in sexual harassment and was deserving of dismissal for such misconduct. This was appealed to the Kentucky courts and affirmed up the line. Although the cause of action is not the same in this 42 U.S.C. § 1983 action, which seeks damages for alleged constitutional violations, as in the proceedings before the Personnel Board, the issue of the reasons for Barnes dismissal and their justification were actually litigated. We are mandated by the Supreme Court to apply Kentucky law to the defendant's defense of collateral estoppel. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Cf. Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

■ Kentucky law requires that where, as here, the parties to a court action are the same as in previous litigation,[4] issues actually litigated between them shall be considered determined in later litigation, although the causes of action are different. *Whittenberg v. Liberty Mutual Ins. Co.,* 390 S.W.2d 877 (Ky.1965); *Gilbert v. Bowling Green Bank & Trust Co.,* 460 S.W.2d 14 (Ky.1970); *Norrell v. Electric Water Plant Bd.,* 557 S.W.2d 900 (Ky.App.1977).

■ Therefore, plaintiff Barnes' claims must be dismissed because he is barred by the doctrine of collateral estoppel from relitigating the administrative finding that he was justly dismissed for good cause arising out of his sexually harassing a female employee.

### Thompson's Claim

With regard to Thompson's claim, the doctrine of collateral estoppel is equally applicable although neither Thompson nor the Commonwealth appealed the decision of the Personnel Board, finding that Thompson was guilty of inefficiency, but not of sexual harassment. No finding was made by the Personnel Board as to the motive of the defendants in bringing an unfounded sexual harassment charge against Thompson.

The disposition of this issue is controlled by a recent decision of the Supreme Court of the United States, namely, *University of Tennessee v. Elliott,* — U.S. —, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). There, the Court held that in § 1983 actions the same *res judicata* and collateral estoppel doctrines were applicable to the unappealed decisions of state administrative agencies, acting in a judicial capacity and employing fair procedures, as would be applied by the forum state's courts under state law. *Id.* at 3227. No contention is made that the Kentucky Personnel Board did not act in a judicial capacity in this appeal or that it does not meet the requirement of employing fair procedures.

It is not totally clear from the opinion in *Elliott, supra,* whether *res judicata* or collateral estoppel effect would be applica-

"The concepts of collateral estoppel and *res judicata* are often commingled but the two doctrines have different applications. Both involve the conclusive effect of judgments in subsequent actions. The difference lies in the fact that in *res judicata* the subsequent suit involves the same cause of action, while in collateral estoppel the subsequent suit involves a different cause of action. In *res judicata* the first judgment is conclusive, not only on all matters which were actually litigated, but on all matters which could have been litigated. This is because the effect of the first judgment was to extinguish the cause of action. Where the subsequent suit is on a different cause of action, these principles cannot operate. If any conclusive effect is given to the first judgment it can only be in regard to issues that were actually litigated and which are pertinent to the cause of action in the subsequent suit.

"The policy underlying the doctrine of *res judicata* is one of repose. The judgment in an action must resolve the doubt between the parties as to the validity of the cause of action. Therefore, theory of *res judicata* is: 'If the judgment is for the defendant and is on the merits, the cause of action is extinguished; that is, the judgment operates as a bar. If the judgment is for the plaintiff, the cause of action is extinguished but something new is added, namely, rights based on the judgment; there is *merger* of the cause of action in the judgment.' " (Footnotes omitted)

4. Or privity exists between the parties and the present parties.

ble to conclusions of law [5] of state administrative agencies, but it is clear that findings of evidentiary or ultimate fact would have preclusive effect, if they had such effect under the law of the forum state.

Kentucky has for many years followed the rule that the decisions of administrative agencies acting in a judicial capacity are entitled to the same *res judicata* effect as judgments of a court. The earliest case in which such rule adopted by the highest court of Kentucky seems to have been *Happy Coal Co. v. Hartbarger*, 251 Ky. 779, 65 S.W.(2d) 977 (1933), involving a collateral attack on an order of the Kentucky Workmen's Compensation Board. There, the court said:

"It necessarily follows, therefore, that the hearing on the first motion herein, and which was finally disposed of in the first case supra [*Happy Coal Company v. Hartbarger*, 233 Ky. 273, 25 S.W.(2d) 384], became and was a final adjudication of the rights of the parties as based upon the facts and grounds as they then existed, and which is true because of the well-known doctrine of res judicata, *since it is applicable to the quasi judicial acts of public commissions and administrative boards, as it is to judgments of courts;* in substantiation of which is the text in 34 C.J. 878, § 1287, saying: 'The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers. This rule has been recognized as applying to the decisions of road or highway commissioners, boards of audit, county boards, common council or municipal assembly, tax commissioners, boards, or officers, school commissioners, police commissioners, public service commissioners, land commissioners or officers, patent officers, collector of customs, referees in bankruptcy, and other like officers and boards.'

"Cases from many state courts, as well as federal ones, are cited in the copious notes to that text. There is also a reference in note 3 to that text to a prior section in the same volume (1171) on page 759, in which the compiler thereof says: 'A decision rendered by an officer or board of state or municipal officers, when acting judicially, and which has by law the force and effect of a judgment, is a bar to further actions on the same matter between the parties or their privies,' etc. That text is also fortified by many cases cited in note 93. See, also, 15 R.C.L. 998, § 474. We deem it unnecessary to incumber this opinion with further substantiating authority, since the rule as incorporated in the inserted texts rests upon a sound basis. *If it were otherwise, a movant desiring compensation before the board having charge of the administration of such acts would never be concluded, and could perpetually harass his adversary from day to day, as well as the board, with successive motions based upon the same facts, until the time expired under the law for making them. Such a procedure is in direct conflict with the cherished rule that 'there should be a finality to litigation,' and to that end the law disallows to the losing litigant, or claimant, a second independent cause of action or complaint based upon the same facts and upon the same grounds of his former lost one."* (Emphasis added).

65 S.W.2d at 978.

Many subsequent decisions of the Kentucky courts have applied the same rules of

---

**5.** Some authorities say that conclusions of law of administrative agencies are not entitled to preclusive effect in subsequent litigation. K. Davis, *Administrative Law Text*, 363 (3d ed. 1972); C. Koch, *Administrative Law & Practice*, 513 (1985); *United States v. Karlen*, 645 F.2d 635, 638 (8th Cir.1981); *Mosher Steel Co. v. N.L.R.B.*, 568 F.2d 436 (5th Cir.1978); *Weed v. East Texas Motor Freight Lines, Inc.*, 592 F.Supp. 713 (N.D.Texas 1983). This preclusive effect of an administrative agency's conclusions of law, if any, need not be considered by the court in this action.

issue and claim preclusion.[6] *Bank of Shelbyville v. People's Bank of Bagdad*, 551 S.W.2d 234 (Ky.1977) (change of conditions renders usual rule inapplicable); *Dink v. Palmer-Ball*, 479 S.W.2d 897 (Ky.1972) (same); *Webb Transfer Line v. Jones*, 379 S.W.2d 444 (Ky.1964) (collateral estoppel for all dates prior to previous decision) (extensive discussion of previous authorities); *Bauer v. Alcoholic Beverage Control Board*, 320 S.W.2d 126 (Ky.1959); *Hysteam Coal Corporation v. Ingram*, 283 Ky. 411, 141 S.W.2d 570 (Ky.1940); *Cardinal Bus Lines v. Consolidated Coach Corp.*, 254 Ky. 586, 72 S.W.2d 7 (Ky.1934).

It may be seen, then, that the Kentucky courts give broad claim and issue preclusive effect to the unreviewed decisions of administrative agencies, possibly going even to issues of law.[7] Certainly many of the decisions listed above involved issues of ultimate fact.

It appears to this court that the Kentucky courts subscribe closely to the philosophy of the Restatement (Second) of Judgments § 83, Comment b, where it is said:

"Where an administrative forum has the essential procedural characteristics of a court, therefore, its determinations should be accorded the same finality that is accorded the judgment of a court. The importance of bringing a legal controversy to conclusion is generally no less when the tribunal is an administrative tribunal than when it is a court."

Therefore, there is no doubt that the unreviewed findings of fact of the Personnel Board in its determination of Thompson's appeal have issue preclusive or collateral estoppel effect. The defendants' problem is that Thompson largely prevailed before the administrative forum. It found that the proof of the charges brought against Thompson by the defendants did not rise to the level of sexual harassment, although he was guilty of inefficiency. If, as Thompson alleges, the unfounded charges were motivated by defendants' desire to retaliate against him for exercise of his First Amendment rights on issues of public concern, he has a cause of action under § 1983. *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Landrum v. Eastern Kentucky University*, 578 F.Supp. 241 (E.D.Ky.1984), and cases therein cited.

The First Amendment issue was not litigated before the Personnel Board and it made no findings thereon either express or implied. Therefore, since we are concerned with collateral estoppel rather than with *res judicata*, the causes of action between the administrative proceeding and this proceeding being different, the issue of unconstitutional motivation is not precluded by the administrative decision. *Whittenberg v. Liberty Mutual Ins. Co., supra.* However, both parties are bound by the factual findings of the Board that Thompson was guilty of inefficiency, but not guilty of sexual harassment. *Deretich v. Office of*

---

**6.** The use of the terms "issue" and "claim preclusion" has been explained as follows:

"The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of 'res judicata.' See Restatement (Second) of Judgments, Introductory Note before ch. 3 (1982); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (1981). Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.' Issue preclusion refers to the effect of a judgment in

foreclosing relitigation of a matter that has been litigated and decided. See Restatement, *supra*, § 27. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar. See *id.*, Introductory Note before § 24."

*Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 894, n. 1, 79 L.Ed.2d 56 (1984).

**7.** See note 5, *supra*.

*Administrative Hearings,* 798 F.2d 1147 (8th Cir.1986). *Cf. Richardson v. Phillips Petroleum Co.,* 799 F.2d 426 (8th Cir.1986) (issue not litigated in administrative proceeding); *See Polk v. Yellow Freight System, Inc.,* 801 F.2d 190 (6th Cir.1986) (decision by an agency on unemployment compensation preclusive as to issues properly before agency, but not others, due to narrow scope of proceedings).

Therefore, the motion for summary judgment against Thompson on the basis of collateral estoppel must be DENIED. An appropriate order is this day entered.