George **DERETICH**, Appellant,

v.

**OFFICE OF ADMINISTRATIVE HEARINGS, STATE OF MINNESOTA; Department of Employee Relations, State of Minnesota; Duane Harves, individually and as Chief Hearing Examiner, Office of Administrative Hearings, State of Minnesota; and Myron Greenberg, individually and in his capacity as Supervisor, Office of Administrative Hearings, State of Minnesota, Appellees.**

No. 85–5265.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1986.

Decided Aug. 13, 1986.

Mary Sarazin Timmons, St. Paul, Minn., for appellant.

Kathleen M. Mahoney, Asst. Atty. Gen., St. Paul, Minn., for appellees.

Before JOHN R. GIBSON, FAGG, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

George Deretich appeals from a judgment on an adverse jury verdict and other rulings of the district court [1] dismissing his civil rights and first amendment claims against his former employer, the Minnesota Office of Administrative Hearings (OAH). Deretich contends the district court erred in (1) denying his motion for judgment notwithstanding the verdict or, for a new trial, on his procedural due process claim; (2) dismissing his first amendment claim; (3) granting OAH's motion for summary judgment on his section 1985 claims; (4) holding that res judicata barred some of his due process claims; and (5) dismissing some of

the defendants from this action. For the reasons discussed below, we affirm.

## I. BACKGROUND.

OAH conducts administrative hearings in rulemaking proceedings for state government agencies. Deretich was employed as a hearing examiner in OAH's public utilities unit, hearing primarily public utility rate and transportation cases.

From April 1980 and until his termination on September 10, 1982, Deretich and his supervisors were involved in a series of internal disputes relating to the following issues: (1) changes in his promotion evaluation; (2) his public rejection of agency policy on court reporting; (3) his participation in a public utilities commission seminar in contravention of OAH rules concerning conflicts of interest; (4) his failure to follow policy on completing work tickets; (5) his claims for compensatory time owed by OAH; (6) his refusal to revise contested case reports; and (7) his unauthorized public disclosures with regard to such reports. These disputes resulted in official reprimands, two ten-day suspensions and an order requiring Deretich to obtain supervisory approval of all documents issued in his official capacity as a hearing examiner.

Deretich contested the suspensions by filing a formal grievance. The chief hearing officer of OAH denied the grievance, and Deretich appealed to the Department of Employee Relations, of which defendant, Barbara Sundquist, was commissioner.

A five-day grievance appeal hearing ensued before independent hearing examiner Joseph L. Daly, professor at the Hamline University School of Law, in May 1982. The issues grieved were (1) whether the suspension for refusal to follow agency policy on the format of reports was valid; (2) whether the suspension for making public disclosures on contested case reports was valid; (3) whether Deretich was entitled to claimed compensatory time; and (4)

---

**1.** The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

whether OAH's requiring official approval of all of Deretich's writings constituted an unlawful interference with Deretich's first amendment rights and statutory duties as a hearing examiner. After post-hearing briefs, in September 1982, Daly issued a fifty-six page advisory opinion limiting Deretich's compensatory time to that provided by OAH written policy and denying all other claims. Sundquist adopted this opinion by order of September 9, 1982.

Deretich subsequently petitioned for review in state district court, asserting his first amendment claim, plus due process and equal protection claims under the fifth and fourteenth amendments. The Honorable J. Jerome Plunkett dismissed the case for lack of subject matter jurisdiction on January 4, 1983, for reasons not pertinent here, but also concluded as a matter of law that the procedures afforded to Deretich met "the constitutional due process requirements." The Minnesota Supreme Court summarily affirmed.

In the meantime, Deretich had left OAH for a temporary personal leave of absence, beginning January 2, 1982, to run for political office.[2] But rather than run for political office, he started a law practice on January 4, 1982. Subsequently, Deretich's law partner represented clients before OAH, and Deretich personally made an appearance before a fellow OAH hearing examiner as counsel for a party in a Northwestern Bell Telephone rate case, and was personally present during many of the hearings in another rate case in which his firm had entered an appearance for a party.

After the period for filing for political office had passed, without Deretich declaring his candidacy, OAH cancelled his leave. OAH also requested he sever connections with the law firm because of conflicts of interest, and ordered him to return to work. Deretich ignored these requests, returning to state court a second time, seeking a temporary restraining order and temporary injunction against OAH's cancellation of his leave. On September 2, 1982, while the state action was still pending, OAH gave him eight days' written notice of his discharge from the agency, setting forth in great detail the specific reasons for termination, inviting him to refute the charges orally or in writing.[3] OAH also offered a pretermination hearing, which Deretich did not pursue. The state court subsequently denied his claims.

In August 1983, he filed this federal action under 42 U.S.C. §§ 1983 and 1985. The district court dismissed most of the claims and some of the parties, by summary judgment and directed verdict. After a three-week trial, the district court sent the procedural due process claim of leave cancellation and employment termination to the jury. The jury returned a verdict in favor of the remaining defendants. The district court then denied Deretich's motion

---

2. Before the leave of absence was granted, he was admonished by OAH "to avoid even the appearance of improprieties with regard to * * * [his] dealings with others who might later come before * * * [him] as a Hearing Examiner." Deretich's candidacy for elective office was a requirement of the leave of absence.

3. Chief Hearing Examiner Harves notified him in part:

In summary, the reasons why you are being suspended and dismissed are for your continuing and increasingly severe course of hostile, unprofessional, unethical and insubordinate acts. This continuing course of conduct has manifested itself in the following ways:

1. You appeared in a Northwestern Bell rate case prehearing on July 1, 1982, as a representative of a party, thus, clearly violating Minn.Stat. § 43A.38, subd. 6 (1981 Supp.).

2. You failed to avoid a conflict of interest pursuant to Minn.Stat. § 43A.38, subd. 6, thereby violating Minn.Stat. § 43A.38, subd. 7 which requires employees to avoid conflicts of interest.

3. You failed to contact either your supervisor or your appointing authority to advise them that the reason you were granted a leave of absence no longer existed.

4. You utilized a leave of absence granted to allow you to seek elected public office for a purpose totally different, even after you had determined not to seek public office.

5. You refused to obey the legitimate order of your appointing authority that you:

a. Return to work on August 30, 1982, and

b. Cease association with a law firm practicing before your appointing authority in hearings of the type you regularly conduct.

for judgment notwithstanding the verdict or a new trial. This appeal followed.

## II. DISCUSSION.

### A. Jury Verdict.

Deretich contends the district court erred in denying his motions for partial summary judgment and judgment notwithstanding the verdict or a new trial on the issue of whether OAH violated his rights of procedural due process. Deretich argues that he had a constitutionally protected property right in continued employment and OAH did not provide a pretermination hearing as required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

Public employees may have a property right in continued employment. *Loudermill*, 105 S.Ct. at 1491–92; *Riggins v. Board of Regents of Univ. of Nebraska*, 790 F.2d 707, 710 (8th Cir.1986). If an employee has a property right in continued employment, he may not be discharged without due process. *Loudermill*, 105 S.Ct. at 1493.

Because OAH concedes that Deretich had a constitutionally protected property interest in his job, the first issue is whether OAH provided Deretich with due process in terminating his employment. The due process clause requires that, prior to termination, a public employee be given oral or written notice of charges, an explanation of the employer's evidence, and an opportunity to respond. *Loudermill*, 105 S.Ct. at 1495; *Riggins*, 790 F.2d at 710. Second, a procedural due process claim under section 1983 must show that the constitutional infringement resulted from "more than lack

of due care by a state official." *Daniels v. Williams*, — U.S. —, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). If OAH's procedures were deficient, Deretich must show that the deficiency resulted from more than mere negligence. Minnesota law required that OAH give Deretich written notice of discharge with "a statement of the nature of the disciplinary action, the specific reasons for the action, the effective date of the action and a statement informing [him] of [his] right to reply within five working days * * *." Minn.Stat.Ann. § 43A.33(3)(a) (West 1986).

The district court before trial concluded that the parties' recitations of the facts concerning Deretich's procedural due process claim presented genuine issues of fact for the jury and refused to grant partial summary judgment. Accordingly, the court sent the issue of whether OAH's procedures met the standard of fundamental fairness to the jury. The court instructed the jury that OAH could succeed by proving it proceeded in "good faith."[4] The jury returned a verdict in favor of OAH, and the court denied his motions for judgment notwithstanding the verdict or a new trial.

■ We hold that the district court did not err in denying Deretich's motion for partial summary judgment and submitting the issue to the jury. Summary judgment may be granted only when there is no genuine issue of material fact and the moving party has proved he is entitled to judgment as a matter of law. *See Kresse v. Home Insurance Co.*, 765 F.2d 753, 754 (8th Cir.1985); Fed.R.Civ.P. 56(c). OAH's procedures were not per se violative of the constitutional requirements of notice and a

---

**4.** The district court instructed the jury:

> In order to succeed on these good faith defenses, the defendant must prove by a fair preponderance of the evidence the following two factors. First, the individual defendants must show that they were performing a discretionary function when they suspended plaintiff and terminated his employment as a hearing examiner. A discretionary function is one that requires a person to use his or her own judgment in deciding whether or not to do something.

> Second, defendants must show that the suspension and termination did not violate clearly established rights of plaintiff that defendants knew or should have known. In other words, a good faith immunity would not be allowed if an official knew or reasonably should have known that the actions he took within his sphere of official responsibilities would violate the constitutional rights of the plaintiff or if he took the action with malicious intention to cause a deprivation of constitutional rights or other injury.

meaningful opportunity to respond. *Loudermill, supra.* Pursuant to state law, OAH gave Deretich written notice of his discharge, listing its reasons for the dismissal. Deretich ignored an invitation to respond orally or in writing before the effective date of discharge, and the opportunity of a pretermination hearing.

■ We hold further that the district court did not err in denying Deretich's motion for judgment notwithstanding the verdict or a new trial. Having reviewed the entire trial transcript, we conclude that reasonable persons could differ as to the conclusions to be drawn. *See Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (8th Cir.1979). There were issues of fact as to the good faith immunity of OAH and the level of procedural protection afforded Deretich. The district court's denial of a new trial was not an abuse of discretion. *See United States v. Davis*, 785 F.2d 610, 618 (8th Cir.1986). The district court did not err in upholding the jury verdict that the eight days' written notice with an explanation of the charges and opportunity to respond was at least a good faith attempt to meet constitutional requirements, particularly as these procedures conformed to Minnesota law. *See Loudermill*, 105 S.Ct. at 1495; Minn.Stat.Ann. § 43A.33(3)(a) (West 1986).

### B. Freedom of Association.

Deretich asserts the district court erred in granting a directed verdict at the close of evidence on his first amendment claim of freedom to associate in his law firm. He argues that OAH policy concerning conflicts of interest restricted his association in the law firm. He asserts his law firm did not merely serve an economic purpose, but rather, was an avenue for exercise of his first amendment rights through the promotion of social causes.

The right to associate for expressive purposes is not absolute. State regulations which infringe upon first amendment rights may be valid if they are the least restrictive means to achieve a compelling state purpose which is unrelated to the suppression of ideas. *See Roberts v. United States Jaycees*, 468 U.S. 609, 623, 104 S.Ct. 3244, 3255, 82 L.Ed.2d 462 (1984) (Minnesota's compelling interest in eradicating discrimination against its female citizens does not infringe upon the Jaycees' freedom of association); *Roberts v. Van Buren Public Schools*, 773 F.2d 949, 957 (8th Cir.1985) (government's interest in employee efficiency may override teachers' interest in joining union). The code of ethics for state employees prohibits "actions as * * * an attorney in any action or matter pending before the employing agency except in the proper discharge of official duties * * *." Minn.Stat.Ann. § 43A.38(5)(c) (West 1986).[5] In addition, a hearing officer must be impartial for an administrative agency to meet the requirements of due process. *See generally Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972).

The district court held that, as a matter of law, OAH's restrictions on Deretich's associational freedom protected a compelling state interest unrelated to the suppression of ideas. The court concluded that this interest could not be protected through means less restrictive of associational freedom.[6]

■ The district court did not err in concluding that OAH's interest in avoiding an appearance of impropriety justified its restrictions on Deretich's associational rights. *See Roberts v. United States Jaycees, supra.* OAH clearly had a legitimate interest in ensuring that its hearing officers were impartial and in complying with the law against conflicts of interest. *See generally*

---

**5.** Deretich challenges only OAH's actions, not the statute on its face.

**6.** This was properly a legal issue. *See Jacobellis v. Ohio*, 378 U.S. 184, 187–88, 84 S.Ct. 1676,

1677–78, 12 L.Ed.2d 793 (1963); *Pennekamp v. Florida*, 328 U.S. 331, 335, 66 S.Ct. 1029, 1031, 90 L.Ed. 1295 (1946).

*Klaus v. Minnesota State Ethics Comm'n,* 309 Minn. 430, 244 N.W.2d 672, 675–76 (1976). Even an indirect pecuniary interest in a case may mandate disqualification of a hearing officer. *Ward, supra.* While on temporary leave of absence, Deretich's association with a law firm trying cases before OAH was clearly a direct conflict of interest, which justified OAH's restrictions on his rights.

**C. Section 1985.**

**1. Section 1985(2).**

Deretich argues that the district court erred in granting OAH's motion for summary judgment dismissing his 42 U.S.C. § 1985(2) claim. He contends that OAH violated section 1985(2) by intimidating his witnesses in the administrative, state and federal district court proceedings.

▮ Section 1985(2) provides a cause of action against conspiracy to intimidate a witness in a United States court. The district court correctly ruled that section 1985(2) does not provide a cause of action for intimidation of witnesses in state administrative and court proceedings. *See Kush v. Rutledge,* 460 U.S. 719, 721 n. 1, 103 S.Ct. 1483, 1485 n. 1, 75 L.Ed.2d 413 (1983). We also hold that the district court did not err in dismissing Deretich's allegations that OAH intimidated his witnesses in federal court. Indeed, Deretich could name no specific witnesses when asked about their identity.

**2. Section 1985(3).**

Deretich contends that the district court's summary judgment dismissing his 42 U.S.C. § 1985(3) claim was error. He contends that OAH conspired to deny equal protection of the laws to a class of "whistleblowers," which included himself and co-worker Richard DeLong.

Section 1985(3) creates a cause of action for conspiracy to deprive any person or class of persons of equal protection of the laws; and requires an invidious racial or class-based discriminatory animus. *Kush v. Rutledge, supra; Griffin v. Brecken-*ridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

▮ The district court correctly rejected this claim. We agree with the district court's characterization of this case as one involving a private employment dispute rather than discrimination against a protected class. Section 1985(3) does not provide a general avenue of relief for an employee with grievances against his employer. *See generally Silkwood v. Kerr-McGee,* 637 F.2d 743, 744–48 (10th Cir. 1980).

**D. Res Judicata.**

Deretich argues that the district court improperly applied the doctrine of res judicata in dismissing his section 1983 claims for denial of due process in the denial of compensation time and the two ten-day suspensions, and denial of equal protection in requiring that he submit all of his writings for approval. Deretich asserts that he never had a chance to air these claims in state court, because the state court dismissed them for lack of subject matter jurisdiction. He concedes that he raised these issues in his administrative grievance appeal hearing.

Aside from the fact that the state court found no constitutional infringements, the Supreme Court has recently addressed the issue of whether unreviewed state agency decisions may preclude claims under section 1983. In *University of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Court held that a state administrative proceeding, quasi-judicial in nature, resolving disputed issues that the parties have had an adequate opportunity to litigate is entitled to the same preclusive effect in a section 1983 action as it would be accorded by the state's courts. State judicial action is unnecessary. The Minnesota Supreme Court has recognized the doctrine of res judicata "in spirit at least" where an agency acts in a judicial or quasi-judicial capacity. *AFSCME Council 6 v. Arrowhead Regional Corrections Board,* 356 N.W.2d 295 (Minn.1984). An agency, such as OAH, may have jurisdiction

to decide a constitutional claim directed at the state's application of a statute. *McKee v. County of Ramsey*, 310 Minn. 192, 245 N.W.2d 460, 462–63 (1976).

██ The district court's dismissal of the claims which Deretich brought in his grievance proceedings was correct in light of *University of Tennessee v. Elliott, supra.* We note that, in addition to the other grievance steps undertaken by Deretich, he was provided an independent hearing examiner who spent five days hearing the grievances and issued a fifty-six page advisory opinion. We hold that Deretich was given adequate opportunity to litigate his grievances in the state agency proceedings to give preclusive effect to the findings of the hearing examiner. OAH was clearly acting in a quasi-judicial capacity by bringing in an outside fact finder. The grievances were within the jurisdiction of the state agency as they constituted a challenge to OAH rules and policies. The district court did not err in barring Deretich's claims which were previously brought before OAH.

### E. Dismissal of Parties.[7]

### 1. OAH and the Department of Employee Relations.

We reject Deretich's argument that the district court erred in granting summary judgment dismissing OAH and the Department of Employee Relations as defendants from this action. He argues that the eleventh amendment cannot serve as a proper basis of dismissal, because OAH failed to assert it in its answer.

Section 1983 provides a cause of action against "person[s]" only. State agencies are immune from section 1983 under the eleventh amendment. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

██ At oral argument, the district court asked the parties to brief the issue of whether the eleventh amendment prohibited suit against any of the named defendants. The court correctly held that based on the definition of state agency in Minnesota statutes, OAH and the Department of Employee Relations were state agencies and immune from this section 1983 suit.

### 2. Dismissal of Sundquist.

██ Deretich contends that the district court erred in dismissing Barbara Sundquist, the Commissioner of the Department of Employee Relations, pursuant to a directed verdict at the close of evidence. Deretich alleges that Sundquist is liable under section 1983 for violating his due process rights because she failed to adequately familiarize herself with his case and caused undue delay of hearing procedures.

The district court held that the evidence presented at trial against Sundquist did not rise to the level of a constitutional violation which would be actionable under section 1983. Having reviewed the entire record, we hold that the district court did not err in this regard. Deretich did not meet his burden of showing that Sundquist was "more than" negligent. *Daniels v. Williams, supra* 106 S.Ct. at 665.

### III. CONCLUSION.

We deem Deretich's remaining claims without merit, and accordingly, affirm the district court's rulings and judgment.

**7.** As a result of these and other dismissals not appealed by Deretich, the only remaining defendants in this action who went to the jury were Duane Harves, the chief hearing officer of OAH, and Myron Greenberg, Deretich's immediate supervisor at OAH.