Corliss HARVEY, Plaintiff,

v.

Howard WILLIAMS, Administrator of the Arkansas State Contractors Licensing Board, Individually and in his official capacity, and Arkansas State Contractors Licensing Board, Defendants.

No. LR–C–86–176.

United States District Court, E.D. Arkansas, W.D.

Feb. 10, 1988.

The Haskins & Hendricks Law Firm, and Randall Wright, Little Rock, Ark., for plaintiff.

Rick D. Hogan, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now is the motion for summary judgment of the defendants, Howard Williams individually and in his official capacity as Administrator of the Arkansas State Contractor's Licensing Board, and the Arkansas State Contractor's Licensing Board, an agency of the State of Arkansas. For the reasons that follow, the motion is granted in part and denied in part.

### I. Background

The plaintiff, Corliss Harvey, was employed by the defendant Arkansas State Contractor's Licensing Board in February, 1980 as a clerk-typist. She was later promoted to the position of Assistant Administrator. She alleges in her complaint that she discussed with her superior, defendant Williams, a discrepancy between the percentage of her salary increase and that received by other employees of the Board. And, further, that Williams refused her request for a commensurate increase and instructed her to take the matter up with the members of the Board directly. She goes on to state that, in accord with Williams' instructions, she communicated her request directly to the Chairman of the Board, Sam Clark, but that upon learning of this communication Williams discharged her.

Harvey brought suit under 42 U.S.C. §§ 1983 and 1985 alleging the discharge to be in retaliation for her exercise of her First Amendment right of free speech. She also brought suit directly under the Fourteenth Amendment alleging that her discharge constituted a deprivation of property without due process. In support of her claims she contends that her communication with Sam Clark was a constitutionally protected activity because it involved a matter of legitimate public concern. She further argues that at the time of her discharge she possessed a protected property interest in continued employment, and that she was therefore entitled to some form of due process.

In their motion for summary judgment the defendants raise defenses based on the

Eleventh Amendment and the doctrine of qualified immunity. Additionally, they argue that the defendant's speech was not entitled to constitutional protection, and that she possessed no property interest in continued employment.

## II. Discussion

### A. *The Eleventh Amendment*

The first question the court must address is whether the Arkansas State Contractor's Licensing Board and Howard Williams, in his official capacity as Administrator of the Board, may remain as named defendants in this action. The court finds they may not.

█ The duties and authority of the Arkansas State Contractor's Licensing Board, as set out in Ark.Stat.Ann. §§ 71–701 through 71–720, clearly indicate that the Board is but the alter ego of the State itself. It is a fundamental principle of constitutional law that, in the absence of consent, a federal court suit in which the State or one of its agencies or departments is named as the defendant is prohibited by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). Also prohibited are "official capacity" suits which are, in all respects other than name, to be treated as suits against the particular entity of which the officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985) (noting the confusion between individual-and official-capacity suits). No argument has been made that the State of Arkansas has waived its Eleventh Amendment immunity.

Although Congress has power with respect to rights guaranteed by the Fourteenth Amendment to abrogate a State's Eleventh Amendment immunity, that intent must be unequivocally expressed. *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358 (1979); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. at 99, 104 S.Ct. at 909. The

plaintiff's claims here are brought under 42 U.S.C. §§ 1983 and 1985 and directly under the Fourteenth Amendment. None of these bases for suit, however, contain a sufficient, unequivocal expression of Congressional intent to abrogate the State's Eleventh Amendment immunity. *Quern, supra; Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (§ 1983 not intended to abrogate Eleventh Amendment immunity); *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2035 n. 54, 56 L.Ed.2d 611 (1978) (§ 1983 liability is limited to local government units which are not considered part of the state for Eleventh Amendment purposes); *Deretich v. Office of Administrative Hearings,* 798 F.2d 1147, 1154 (8th Cir.1986) (state agencies are not § 1983 persons).

Accordingly, the court finds that the plaintiff's complaint against defendants Arkansas State Contractor's Licensing Board and Howard Williams, in his official capacity as Administrator of the Board, must be dismissed for lack of jurisdiction. The court now turns its attention to the plaintiff's claims as they remain against Howard Williams in his individual capacity.

█ A suit challenging the constitutionality of a state official's actions, as an individual, is not a suit against the state, and the federal courts may award an injunction which covers the official's future conduct.[1] *Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 909. But, the Eleventh Amendment still prohibits an award of retroactive monetary relief if it is to be paid from the state treasury. *Id.* (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and *Edelman v. Jordan, supra* ). Therefore, the plaintiff's claim for an award of back pay, insofar as it would be paid from the state treasury, must be dismissed for lack of jurisdiction. To summarize, all claims against the Board and Williams in his official capacity are barred by the Eleventh Amendment. And, as to

---

**1.** Except as to those claims which allege the plaintiff was discharged in violation of the public policy or laws of Arkansas—a federal court has no power to grant even injunctive relief

against a state in order to require a state official to conform his conduct to state law. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 106 (1984).

claims against Williams in his individual capacity, only declaratory and prospective injunctive relief are available—any claim for back pay being barred by the Eleventh Amendment if it is to be paid from the state treasury.

B. *Claims against defendant Williams, individually*

 Inasmuch as this suit may still be prosecuted against the defendant Williams in his individual capacity, the plaintiff claims that she had a property interest in continued employment with the Board and that Williams' conduct deprived her of that interest without due process of law. Because the court finds that the plaintiff had no property interest under Arkansas law, the question of whether she received due process need not be addressed. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (property interests are defined by state law).

Until recently, the rule in Arkansas had been that either party could terminate at will even where the conditions of employment were that the employee could not be discharged except for good cause. *See Gladden v. Arkansas Children's Hospital*, 292 Ark. 130, 728 S.W.2d 501 (1987). However, in *Gladden* the Supreme Court of Arkansas modified this rule in two respects. First, the court ruled that an employee may not be arbitrarily discharged in violation of an *express provision* against termination except for cause. (emphasis original). And, second, the court rejected the premise that the "at will" doctrine applied, notwithstanding a "discharge only for cause" term, if the employment contract was not for a definite term. *Id.* at 135–37, 728 S.W.2d at 505.

In light of *Gladden* the relevant inquiry is whether the contract, regulation or manual relied on by the plaintiff contains an "express provision" providing that there will be no termination except for cause. *See Drake v. Scott*, 823 F.2d 239, 241 (8th Cir.1987). Here, the plaintiff would have the court find a property interest based upon the existence of an implied contract extrapolated from the regulations governing the defendant's employees. Such a finding, however, would be impermissible under *Gladden*. That opinion makes clear that the "discharge only for cause" provision must be expressly and specifically stated. In *Gladden* itself, as the Eighth Circuit noted, the enumeration of 13 reasons for discharge in an employment manual was not an "express" provision that discharge will not be without cause. *Id* at 242.

Accordingly, the court finds that the plaintiff did not have a property interest in continued employment sufficient to implicate the due process clause of the Fourteenth Amendment and, therefore, that the plaintiff's due process claim must be dismissed for failure to state a claim upon which relief may be granted.[2]

 The plaintiff's only remaining claim is that she was discharged in violation of her First and Fourteenth Amendment right of free speech. She alleges that her conversation with Sam Clark concerning respective salary increases of the Board's employees involved constitutionally protected speech because it concerned a matter of public concern.[3] The defendants respond that the conversation concerned only matters of personal interest to the plaintiff and, therefore, that it was not entitled to constitutional protection.

Although the inquiry into the protected status of speech is a matter of law, that inquiry cannot be divorced from the underlying circumstances surrounding the speech at issue. Indeed, the Supreme Court has stated that whether an employee's speech addresses a matter of public

---

**2.** The plaintiff has not alleged the deprivation of a Fourteenth Amendment "liberty" interest and, therefore, the court does not address that issue.

**3.** *See Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (when a party speaks not as a citizen, but as an employee upon matters of personal interest, a federal court is not the forum in which to review the wisdom of a personnel decision taken in reaction).

concern must be determined by the content, form and context of a given statement, as revealed by the whole record. *Connick v. Myers*, 461 U.S. 138, 147–48, 103 S.Ct. 1684, 1690–91, 75 L.Ed.2d 708 (1983); *Cox v. Dardanelle Public School Dist.*, 790 F.2d 668, 672 (8th Cir.1986). As to what was actually said by the plaintiff, and in what context, the facts are in dispute. The court is unable to resolve such a dispute on a motion for summary judgment and, for that reason, denies the defendants' motion on this issue without prejudice.

■ Intertwined with the foregoing issue is defendant Williams' assertion of qualified immunity from suit in his individual capacity. The standard governing this defense is an objective one. The defendant is entitled to qualified immunity if he violated no clearly established statutory or constitutional right of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This test requires the court to determine first, whether the plaintiff had a clearly established constitutional right to express herself as she did, at the time of the incident in question, and, second, whether a reasonable person would have known of that right.

Since it was concluded above that the court cannot yet determine whether the plaintiff's speech was entitled to constitutional protection, it follows that the court is similarly unable to determine whether the defendant should or should not reasonably have known the same. Accordingly, this ruling too must be deferred pending further development of the record and, therefore, the defendant's motion for summary judgment on this issue is also denied without prejudice.

## III. Conclusion

The plaintiff's claims against the Arkansas State Contractor's Licensing Board and Howard Williams, in his official capacity as Administrator of the Board, are dismissed for lack of federal court jurisdiction. The plaintiff's claim for deprivation of her property interest in continued employment, without due process of law, is dismissed for failure to state a claim upon which relief may be granted. Ruling on the questions of whether the plaintiff's speech is entitled to constitutional protection, and whether the defendant is entitled to the defense of qualified immunity in his individual capacity is deferred, and the defendant's motion for summary judgment on those issues is denied without prejudice. Finally, the plaintiff's claim for an award of back pay, if it is to be paid from the state treasury, is dismissed.