142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Louis SAUTER, Plaintiff-Appellant,
v.
STATE OF NEVADA, a governmental entity; Joseph Crowley, in
his official capacity as President of the University of
Nevada, Reno, University of Nevada System, State of Nevada;
Kenneth Sjoen, individually and in his official capacity as
Chief of the Police Department, University of Nevada, Reno;
Charles Clement, individually and in his official capacity
as Sergeant with the University of Nevada, Reno Police
Department; John Marshall, individually and in his official
capacity as Assistant Vice-President of Student Services,
with the University of Nevada, Defendants-Appellees.
 No. 97-15795.
DC No. CV-94-00892-DWH.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 11, 1998.
April 23, 1998.
 
 1
 Appeal from the United States District Court for the District of Nevada. David Warner Hagen, District Judge, Presiding.
 
 
 2
 MEMORANDUM*
 
 
 3
 Before CANBY and KOZINSKI, Circuit Judges, and WEINER,** District Judge.
 
 
 4
 The state conceded at oral argument that Sauter's diabetes constitutes a disability, a conclusion that may be legally compelled, see Arnold v. United Parcel Service, Inc., No. 97-1781, 1998 WL 63505, at * 12 (1st Cir. Feb.20, 1998) (diabetes constitutes disability despite mitigation of symptoms with insulin). The state conceded that it must not put Sauter on the graveyard shift, and it agreed not to do so in the future. As this was the only reasonable accommodation requested, there is no longer any ADA claim for us to decide.
 
 
 5
 The district court construed Sauter's conspiracy claim as a 42 U.S.C. § 1985 claim, but Sauter's counsel foreswore reliance on that section at oral argument and instead characterized the claim as alleging a conspiracy to violate § 1983. Either construction fails. Conspiracy claims are not cognizable on § 1983 absent an actual deprivation of a federal right, see Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989), and as discussed below and above, there is no such deprivation here.
 
 
 6
 Sauter's First Amendment retaliation claim does not allege the kind of class-based animus necessary to sustain a § 1985 claim, see Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (§ 1985 claim requires targeted class that is either suspect or quasi-suspect or singled out for special protection by congressional legislation); see also Childree v. UAP/GA AG Chem, Inc., 92 F.3d 1140, 1146-47 (11th Cir.1996) ("whistleblower" status does not support § 1985 claim); Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir.1992) (same); Deretich v. Office of Administrative Hearings, 798 F.2d 1147, 1153 (8th Cir.1986) (same); Buschi v. Kirven, 775 F.2d 1240, 1258 (4th Cir .1985) (same).
 
 
 7
 Sauter's allegations of a conspiracy to violate his ADA and ADEA rights implicate an animus toward a congressionally protected class. These claims are not cognizable under § 1985, however, because that section cannot serve as a vehicle to enforce statutory rights when the statute in question has its own remedial structure, see Great Am. Fed. Sav. & Loan Assn. v. Novotny, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) (Title VII).
 
 
 8
 As to the merits of the ADEA claim, the district court found that "the only age-related fact identified by either party is ... plaintiff's deposition testimony that [a supervisor] told him he was too old to take the police bicycle patrol course." The court then noted that the supervisor in question testified that:
 
 
 9
 he told plaintiff about eligibility for the bicycle patrol course had to do with a requirement of the applicant being very physically fit and having "pretty good bicycle skills already." ...
 
 
 10
 It would appear defendants expressed through [the supervisor] a legitimate, non-discriminatory reason for not sending plaintiff to the course. Therefore, to avoid summary judgment, plaintiff must show this was pretext. Plaintiff has not done so. Accordingly, the statement about age attributed to [the supervisor] does not give rise to a genuine issue of material [fact] for trial on any element of a claim under ADEA.
 
 
 11
 Sauter contends on appeal that Rule 56 does not allow the district court to raise arguments and enter summary judgment sua sponte, but it does, Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), so long as Sauter was on notice that he must come forward with all his evidence, id., which he was. In addition, Sauter's bare allegations of discrimination, standing alone, are not sufficient to withstand a motion for summary judgment, United States v. Allen, 578 F.2d 236, 237 (9th Cir.1978).
 
 
 12
 Sauter alleges that his supervisors engaged in First Amendment retaliation against his filing of a disability discrimination complaint by writing a mean-spirited letter to him and denying him days off. He also contends that after he made accusations in the press that the University was violating state law, the University retaliated against him by refusing to deal with an employee association that he had formed.
 
 
 13
 The district court found that Sauter presented no evidence that any of the University's adverse actions were taken in retaliation for his speech. On appeal, Sauter repeats the same conclusory allegations that he made in his amended complaint, without any citation to the record. He offers no evidence that his speech was a substantial or motivating factor in the defendants' adverse decisions, see Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir.1990).
 
 
 14
 The supervisors had a right to respond to Sauter's complaint; the fact that he found their letter "condescending" does not convert their speech into a constitutional violation, see Thoma v. Hickel, 947 P.2d 816, 821 (Alaska 1997) (tort of First Amendment retaliation does not extend to retaliation by speech). To the extent the University's alleged refusal to deal with Sauter's employees' organization may be actionable, the claims are best brought under federal labor law.
 
 
 15
 Sauter asserts that the district court failed to address his claim of failure to investigate and remedy discrimination, but it did. The court dismissed the claim for want of an issue of material fact. Sauter makes no argument in response.
 
 
 16
 Sauter contends that the district court improperly dismissed his "hostile environment" claim as a supplemental state claim pursuant to 28 U.S.C. § 1367(c)(3). He characterizes this claim as federal for the first time on appeal, without specifying the statute or constitutional provision from which it springs. If the claim is federal, it is inadequately pleaded.
 
 
 17
 Sauter's ADA claim is dismissed on the basis of the state's concessions at oral argument. In all other respects, the judgment of the district court is
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Our resolution of this appeal obviates the need to reach the state's Eleventh Amendment and intra-corporate immunity arguments