Hugh B. WARD, Sr. and Hugh
B. Ward, Jr., Appellants,

v.

COMMONWEALTH of Kentucky, NATU-
RAL RESOURCES AND ENVIRON-
MENTAL PROTECTION CABINET,
Appellee.

No. 90–CA–1478–MR.

Court of Appeals of Kentucky.

July 19, 1991.

Case Ordered Published by
Court of Appeals Aug. 30, 1991.

As Modified Sept. 13, 1991.

Joe Lane Travis, Glasgow, for appellants.

Kathryn M. Hargraves, Douglas Scott Porter, Natural Resources and Environmental Protection Cabinet, Frankfort, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HUDDLESTON, Judge.

This appeal challenges a summary judgment which assessed civil penalties against the operators of nine oil leases in Ohio County for fifty-eight violations of the environmental protection provisions of Chapter 224 of the Kentucky Revised Statutes and which ordered them to bring the leases into compliance with the requirements of that chapter and regulations promulgated pursuant to KRS 224.017.

The appellants, Hugh B. Ward, Sr.[1] and Hugh B. Ward, Jr. first contend that sum-

1. We were advised at oral argument that Hugh B. Ward, Sr. died during the pendency of this appeal.

mary judgment was prematurely granted in the absence of a showing by the Natural Resources and Environmental Protection Cabinet (NREPC) that there is no genuine issue as to any material fact; second, that the trial court erred in failing to impose upon the Cabinet the burden of establishing the validity of its regulations according to KRS 13A.140; and, finally, that the trial court was powerless to order them to bring into statutory and regulatory compliance leases which have been assigned to others.

In 1987, the NREPC charged the Wards with numerous statutory and regulatory violations relating to the operation of oil leases in Ohio County, including failure to control oil spills and the discharge of salt water into the waters of the Commonwealth. An evidentiary hearing was held and in early 1988, the hearing officer issued his report and recommendations. Finding fifty-eight separate statutory and regulatory violations, the hearing officer recommended civil penalties, as authorized by KRS 224.994, totaling $5,800.00.

The NREPC filed exceptions to the report, but the Wards did not. On March 31, 1988, the Secretary of the Natural Resources and Environmental Protection Cabinet adopted the hearing officer's recommendations and additionally directed the Wards to bring the oil leases described in his order into compliance with KRS Chapter 224 and the regulations promulgated pursuant thereto.

KRS 224.085 authorizes an appeal by an aggrieved party to Franklin Circuit Court within thirty days following rendition of an order by the Secretary of the NREPC, but the Wards chose not to avail themselves of that privilege. Consequently, the Secretary's order became final and no longer subject to direct attack.

When the Wards failed to pay the civil penalties assessed against them and failed to bring the leases into statutory and regulatory compliance, the NREPC brought the present action in Franklin Circuit Court

according to KRS 224.995(2) to compel compliance with the Secretary's order.

The NREPC moved for summary judgment, appending to its motion pertinent parts of the record of the administrative proceeding described above. The Wards did not challenge the procedure which culminated in the issuance of the Secretary's order, nor did they, as authorized by CR 56.03, serve opposing affidavits or otherwise offer evidence that the Secretary's order was invalid. In fact, the Wards did not even appear in person or by counsel at the hearing held to consider the NREPC's summary judgment motion. Needless to say, the motion was granted.

■ The Wards now contend that the trial court acted precipitately in granting summary judgment. The Wards admit that the evidence before the trial court does not establish the existence of a genuine material fact issue, but they claim that neither does it establish the non-existence of such an issue.

The standards which govern the grant of summary judgment have recently been revisited by the Kentucky Supreme Court in *Steelvest, Inc. v. Scansteel Service Ctr.*, Ky., 807 S.W.2d 476 (1991). First, the movant must show that no genuine issue of fact exists, that is it must convince the court, by the evidence of record, of the non-existence of an issue of material fact. Second, the movant must demonstrate its "right to judgment ... with such clarity that there is no room left for controversy." "Only when it appears impossible for the non-moving party to produce evidence at trial warranting a judgment in [its] favor should the motion for summary judgment be granted." *Id.* at 482. Even though the Kentucky Supreme Court has chosen to continue to adhere to the stricter standards for summary judgment announced in *Paintsville Hospital v. Rose*, Ky., 683 S.W.2d 255 (1985), rather than the more relaxed standards adopted by the United States Supreme Court in a trilogy of opinions issued during its 1985–86 term [2], a

**2.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

party opposing a properly supported motion for summary judgment can only defeat it by presenting "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." 482 S.W.2d at 482.

■ KRS 224.085 authorizes an appeal to Franklin Circuit Court from the Secretary's order. Upon appeal the findings of the NREPC are "prima facie evidence of the facts found therein," although the court is required to "review the entire record and the findings and order of the cabinet." KRS 224.085(1). The consequences of noncompliance with the statutory scheme for review of an administrative order were articulated by the Supreme Court in *Board of Adjustments of City of Richmond v. Flood,* Ky., 581 S.W.2d 1, 2 (1978):

> There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy.

The case before us is not an appeal from a circuit court judgment affirming the Secretary's order. That order became final when thirty days passed following its rendition and no appeal to Franklin Circuit Court was taken. Consequently, there is no occasion for us to consider the Wards' argument that the trial court erred in failing to impose upon the Cabinet the burden of establishing the validity of its regulations according to KRS 13A.140[3]. That issue could have been raised upon direct appeal, but it will not be considered in a collateral attack. Once having litigated an issue and having failed to avail one's self of the right to appeal, a litigant is estopped to collaterally raise the same issue involving the same parties:

> The doctrine of such an estoppel [*res judicata*] applies to orders and judgments of "quasi judicial acts of public, executive, or administrative officers, and boards acting within their jurisdiction (the same) as to the judgments of courts having general judicial powers."

*Williamson v. Public Service Commission,* 295 Ky. 376, 174 S.W.2d 526, 529 (1943).

■ The Wards finally contend that since they have assigned to others some or all of the oil leases which were the subject of the NREPC's enforcement action, the judgment of Franklin Circuit Court ordering them to bring those leases into compliance with applicable statutory and regulatory requirements is void and unenforceable. The record before us and before the trial court contains no evidence that the leases in question have been assigned to others, but even if they have been, the transfer of ownership does not release the Wards from their obligation to abate environmental problems which occurred during their ownership. *United States v. Price,* 523 F.Supp. 1055, 1072 (D.N.J.1981), aff'd 688 F.2d 204 (3rd Cir.1982); *Cf., Friends of Sakonnet v. Dutra,* 738 F.Supp. 623, 632 (D.R.I.1990).

---

**3.** KRS 13A.140 provides:

(1) Administrative regulations are presumed to be valid until declared otherwise by a court, but when an administrative regulation is challenged in the courts it shall be the duty of the promulgating administrative body to show and bear the burden of proof to show:

(a) That the administrative body possessed the authority to promulgate the administrative regulation;

(b) That the administrative regulation is consistent with any statute authorizing or controlling its issuance;

(c) That the administrative regulation is not in excess of statutory authority;

(d) That the administrative regulation is not beyond the scope of legislative intent or statutory authority;

(e) That the administrative regulation is not violative of any other applicable statute; and

(f) That the laws and administrative regulations relating to promulgation of administrative regulations were faithfully followed.

(2) It shall be prima facie evidence of compliance with the provisions of this section as to the holding of hearings, statements of consideration, consideration of tiering, local government impact, and fiscal impact to file with the court appropriate citations to the administrative register which indicate such compliance.

Franklin Circuit Court had, and properly exercised, jurisdiction to enforce the provisions of a final NREPC order directing compliance with the provisions of KRS Chapter 224 and imposing penalties for repeated violations of those provisions. Its judgment will be affirmed. Should the Wards fail to pay the civil penalties imposed upon them, an execution may issue. And should they fail to bring the leases into compliance with applicable statutory and regulatory law, they may be cited for contempt.

All concur.