

James E. Groves, Jr., Louisville, Ky., for plaintiff.

Nathan Goldman, Asst. Atty. Gen., Frankfort, Ky., for Ed Fossett.

Sue Simon, Dept. for the Blind, Frankfort, Ky., for McDowell and Seraglio.

**Joe THOMPSON, Plaintiff,**

v.

**Charles McDOWELL, et al.,
Defendants.**

**Civ. A. No. 83–09.**

United States District Court,
E.D. Kentucky,
Frankfort Division.

June 2, 1987.

## MEMORANDUM OPINION AND ORDER

BERTELSMAN, District Judge: .

This matter is presently before the court on defendants' motion for summary judgment. This motion for summary judgment requires the court to determine whether a public employee's speech is of sufficient public concern to merit protection under the First Amendment against retaliatory disciplinary action taken against the employee by his employer.

### FACTS

Joe Thompson, plaintiff herein, was employed by the Kentucky Bureau for the Blind as a training officer, instructor, and maintenance supervisor. By letter of March 18, 1982, Thompson was suspended without pay for thirty (30) working days effective at the close of business on March 19, 1982. The letter specified that suspension was being imposed after the receipt of

**25.** *See, e.g., Wong Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71 L.Ed. 545 (1927).

reports of sexual harassment by certain female employees.

By letter of April 30, 1982, Thompson was notified that his employment was terminated as of the close of business on April 30, 1982. The letter reiterated the allegations of sexual harassment and also specified various deficiencies in the performance of his duties.

A hearing was held by the Kentucky State Personnel Board on July 12, 13 and 16, 1982, in the joint appeals of Thompson and Barnes, a co-plaintiff in this matter. The hearing officer recommended affirmance of Barnes' dismissal, but also recommended that Thompson's appeal be sustained and that he be reinstated as maintenance supervisor, but not to the position of training officer. The hearing officer found that Thompson was not guilty of sexual harassment, but also had not performed satisfactorily as a training officer.

The State Personnel Board ordered that Thompson's punishment be amended from dismissal to thirty days suspension, which he had already served. Thompson was reinstated with back pay, except for a period for which he had requested a continuance and waived pay therefor.

Barnes appealed his dismissal to the state courts and filed this § 1983 action almost simultaneously. The dismissal was affirmed by the state courts, and this court held that the state court judgment was *res judicata* against Barnes. Thompson only filed in this court. This court has previously held that he did not litigate his First Amendment claims before the Personnel Board; hence summary judgment was not granted as to Thompson. *See Barnes v. McDowell,* 647 F.Supp. 1307 (E.D.Ky.1986).

## ANALYSIS

■ Subject to certain limitations, an employee of a unit of state or local government has a First Amendment right to speak out on matters of public concern without being subjected to retaliation in his employment because of his exercise of this right. As applied in this context the employee's right of expression is not as unrestrained as his right to speak out on a soapbox as a citizen. Rather, the government's rights as an employer must also be considered. Thus, a balancing process results. *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

*Connick* defined the criteria by which this balancing process was to be employed. There, the Court placed substantial restrictions on public employees' First Amendment cause of action for job-related retaliation resulting from criticism of supervisors. In particular, *Connick* reemphasized the requirement that, to give rise to a cause of action, the expression that the public employee claims to be the motivating factor for the retaliatory action must relate to matters of public concern.

The Court in *Connick* was struggling with the difficult problem of trying to place some reasonable limitations on burgeoning litigation filed by public employees, while preserving substantial—but not unlimited—protection for their job-related expression. The Court's task was fraught with difficulty by the obvious but Gordian factor that almost everything a public employee says about his or her job will bear some relation to the operation of a public agency or institution and thus be at least to some degree a matter of public concern. *See* discussion by this court in *Landrum v. Eastern Kentucky University,* 578 F.Supp. 241 (E.D.Ky.1984). *Landrum* was a good example of the problem in that the plaintiff university professor there criticized his dean and department head concerning courses taught in his department. Of course, the curriculum in any department of a state university would touch upon the public weal to some extent. The court held, however, that the matters there involved were primarily of a personal nature and thus not protected.

More recent cases have delineated a multi-step process to be used in analyzing First Amendment claims of this kind. An excellent example is *Roberts v. Van Buren Public Schools,* 773 F.2d 949 (8th Cir.1985). There, the Eighth Circuit mandated the following analytical process:

1. Should the employee's speech be characterized as constituting expression on a matter of public concern or merely of personal interest to the employee? If the speech was not of public concern the inquiry is at an end.

2. If the speech was of public concern, did the time, place and manner or context cause such disruption of the workplace that the expression still is not protected because the government's interest as an employer in preserving a harmonious workplace outweighs the employee's interest in free expression? Even if the expression is of public concern, the disruption it might cause in the workplace could outweigh the value of the speech, and any resulting adverse personnel action might still be justified. For example, in *Connick* some of the plaintiff's charges against her employer, the public prosecutor, involved allegations of employees being forced to work in political campaigns. Although the Court acknowledged that such a practice would be a matter of public concern, it held that the internal disruption caused by the manner of plaintiff's voicing her charges nonetheless justified her termination. *Cf. Landrum v. Eastern Kentucky University, supra.*

3. Was the employee's expression a substantial motivating factor in the adverse personnel action?

4. If so, can the employer prove the adverse action would have occurred in the absence of the speech?

Other cases where a similar multi-step process [1] was recognized either expressly or implicitly are: *Marohnic v. Walker,* 800 F.2d 613 (6th Cir.1986); *McMurphy v. City of Flushing,* 802 F.2d 191 (6th Cir.1986); *Cox v. Dardanelle Public School District,* 790 F.2d 668 (8th Cir.1986); *Ferrara v. Mills,* 781 F.2d 1508 (11th Cir.1986), *aff'g.* 596 F.Supp. 1069 (S.D.Fla.1984). *Cf. Boals v. Gray,* 775 F.2d 686 (6th Cir.1985); *Johnson v. Lincoln University,* 776 F.2d 443 (3d Cir.1985).

■ Turning to the present case, it may be seen that plaintiff here totally fails to meet his burden of proof on the first step, that is, establishing that the subject matter of the speech for which protection is claimed is of public concern. The expression plaintiff claims to have motivated his discharge was to the effect that the agency needed a 24–hour deadline for equipment repairs, that it did not divide its budget fairly, and that the agency should purchase only the best equipment at a fair price. Plaintiff's Memorandum, page 2. It is obvious to this court that this expression is of purely personal and parochial interest within the public agency for which plaintiff works, if that.

Of course, it is difficult to draw a bright line between those matters concerning the operations of a public agency that are of public concern and those that are not. Nevertheless, the court must make this determination as a matter of law. *Connick v. Myers,* 461 U.S. at 148, n. 7, 103 S.Ct. at 1690, n. 7. In holding that the plaintiff has not met this burden the court can only note that the subject of the plaintiff's speech is less imbued with the public interest than that of the plaintiffs in *Landrum, McMurphy, Ferrara,* or *Connick, supra,* and nothing like the cooperation with the state attorney general's investigation held to have merited protection in *Marohnic, supra.* Just because the expenditure of public funds is tangentially implicated does not automatically entitle the expression to protection. *Roberts v. Van Buren Public Schools,* 773 F.2d at 956.

The court having determined as a matter of law that the expression that forms the basis of the plaintiff's alleged claim is not of public concern, our inquiry is at an end. *Ferrara, supra.* Therefore, the defendants' motion for summary judgment must be granted.

Therefore, the court being advised,

IT IS ORDERED that defendants' motion for summary judgment be, and it is, hereby GRANTED, and a separate Judg-

---

**1.** The various courts set out the steps in slightly different ways, but all are essentially agreed on the analysis to be utilized.

ment shall enter concurrently herewith dismissing the complaint.