Darren McKinley **GODBEY** and Rhonda Annette Godbey Appellants,

v.

**UNIVERSITY HOSPITAL OF THE ALBERT B. CHANDLER MEDICAL CENTER, INC.,** d/b/a University Hospital, Albert B. Chandler Medical Center; William E. Strodel, M.D.; George M. Werdick, M.D. a/k/a Mike Werdick, M.D.,; and Robert Noble, M.D. Appellees.

No. 97–CA–0718–MR.

Court of Appeals of Kentucky.

Aug. 7, 1998.

Robert E. Reeves, Robert Friedman, Peter P. Cohron, Lexington, for Appellants.

Ernest H. Jones, II, Robert L. Swisher, Lexington, for Appellees.

Before COMBS, DYCHE and SCHRODER, JJ.

DYCHE, Judge.

Appellant Darren McKinley Godbey filed a Workers' Compensation claim seeking benefits for injuries he received while in the employ of Osh Kosh B'Gosh, Inc.; the specific injuries were damage to various internal organs alleged by Godbey to have been caused by his breathing of various chemical fumes at his employment.

His claim was fully litigated, and proceeded to hearing before an Administrative Law Judge [ALJ], who determined that the alleged injuries were not work-related; the ALJ found that Godbey had failed to carry his burden of proving his condition was caused by exposure to the chemical fumes.

Godbey appealed the ALJ's decision to the Workers' Compensation Board, which thoroughly reviewed the record, and affirmed the ALJ's decision.

The present action was brought by Godbey and his wife alleging medical negligence by appellees, in that appellees failed to timely diagnose Godbey's condition as being caused by the exposure to the chemical fumes at work. Godbey claimed that he was not alerted to the fact that he needed to remove himself from that harmful environment, and was further damaged by remaining in Osh Kosh's employment.

Appellees sought summary judgment (Kentucky Rule of Civil Procedure 56) in the Fayette Circuit Court, arguing that the finding of no causation in the Workers' Compensation action precluded relitigating that issue in the present action. The trial court agreed and dismissed his claim, as well as his wife's derivative claim for loss of consortium. We affirm.

This action was dismissed by the trial court by use of the doctrine of issue preclusion, a variant of *res judicata.* The doctrine of *res judicata* prohibits the relitigation of matters which actually were, or could have been, litigated to a conclusion in an earlier action. This applies only to parties to the earlier action. The doctrine of issue preclusion, which may be used either "offensively" or "defensively," allows the use of the earlier judgment by one not party to the original action to preclude relitigation of matters litigated in the earlier action.

"Kentucky has for many years followed the rule that the decisions of administrative agencies acting in a judicial capacity are entitled to the same res judicata effect as judgments of a court ." *Barnes v. McDowell,* 647 F.Supp. 1307, 1310 (E.D.Ky.1986), *overruled by same court on other grounds by Thompson v. McDowell,* 661 F.Supp. 498 (E.D.Ky.1987). *See also Barnes v. McDowell,* 848 F.2d 725 (1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 780 (1989).

The cause of action asserted by appellants herein was necessarily based upon causation of Mr. Godbey's injuries by his exposure to the chemical fumes at his place of employment. Once the Workers' Compensation Board found, as a final matter, that such causation was not established, the trial court

was bound by this finding, and summary judgment in appellees' favor was mandated.

Appellants' arguments concerning deprivation of their right to trial by jury under § 7 of our state constitution are misplaced. In each and every action to which the right to a jury trial might be applicable, there are many and various hurdles which parties must clear prior to actually exercising that right. We are cited to no authority, nor are we aware of any, which indicates that the proper use of summary judgments, directed verdicts, or other forms of disposition prior to submission to a jury are violative of § 7. We find the application of the doctrine of issue preclusion to be particularly apt in this case.

As far as the claim of Mrs. Godbey to damages for loss of consortium, if no causation is established for the injuries which she alleges caused her loss, no recovery can be had. Her cause of action is derivative of her husband's.

The judgment of the Fayette Circuit Court is affirmed.

All concur.