# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: March 20, 2008
NOT TO BE PUBLISHED

# Supreme Court of Kentucky



2007-SC-000276-WC

ROGER MANN          APPELLANT

V.
         ON APPEAL FROM COURT OF APPEALS
         2006-CA-001648-WC
         WORKERS' COMPENSATION NO. 04-01659

ROCKHOUSE ENERGY MINING COMPANY/
SIDNEY COAL, HON. SHEILA C. LOWTHER,
ADMINISTRATIVE LAW JUDGE AND WORKERS'
COMPENSATION BOARD          APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

An Administrative Law Judge (ALJ) determined in 1992 that the claimant suffered from category 1 pneumoconiosis and awarded a retraining incentive benefit. Appealing from an unfavorable decision in a 2004 claim against a subsequent employer, the claimant asserts that the 1992 finding precluded a subsequent finding that he did not suffer from pneumoconiosis. The Workers' Compensation Board and the Court of Appeals affirmed.

We affirm. The finding that the claimant suffered from category 1 disease in 1992 required him to show that his exposure while working for the defendant-employer caused a subsequent harmful change in the human organism, i.e., a higher disease category or respiratory impairment. He failed to do so.

In his 1992 claim against Big Bottom Mine, the claimant alleged that he suffered from coal workers' pneumoconiosis. Relying on x-ray reports from Drs. Lane, Baker, and Anderson, an ALJ determined on December 11, 1992, that the claimant suffered from category 1 pneumoconiosis without respiratory impairment. The claimant continued to work for various employers thereafter.

On September 14, 2004, the claimant filed an application for benefits that named Rockhouse Energy Mining Co./Sidney Coal as the defendant-employer. He alleged that he suffered from coal workers' pneumoconiosis due to his work for Rockhouse and that his last exposure occurred on September 22, 2001. He supported the claim with a September 15, 2004, x-ray and a report from Dr. Baker, who interpreted the x-ray as showing changes that were consistent with category 1/0 pneumoconiosis.

The employer filed a report from Dr. Broudy, who evaluated an x-ray taken on December 1, 2004. Dr. Broudy stated that the x-ray revealed no parenchymal or pleural abnormalities that were consistent with pneumoconiosis.

The Commissioner of the Department of Workers' Claims certified the absence of a consensus at the party level and, consistent with KRS 342.794, submitted the two sets of x-rays to a panel of certified B-readers. Drs. Dahhan and Rosenberg classified the x-rays as category 0, and Dr. Reed classified them as category 0/1. Thus, the Commissioner notified the parties that the reports were in consensus and negative. During the proof period, the employer filed a report from Dr. Wiot, who also classified the x-rays as negative.

An ALJ determined that no evidence rebutted the consensus classification and, therefore, that the claim must be dismissed. In a petition for reconsideration, the

2

claimant asserted that the consensus panel's interpretation of his x-rays was immaterial because the doctrine of res judicata precluded a finding that he suffered from less than category 1 disease. The ALJ denied the petition, after which the claimant appealed.

As explained in Godbey v. University Hospital of the Albert B. Chandler Medical Center, Inc., 975 S.W.2d 104, 105 (Ky. App. 1998), KRS 342.305 permits a final workers' compensation award to be enforced as a judgment in circuit court, like a final judgment in a civil action. Although KRS 342.125 permits the reopening of an otherwise final award under specified circumstances, Slone v. R & S Mining, Inc., 74 S.W.3d 259 (Ky. 2002), and numerous other decisions indicate that the doctrine of res judicata applies to final workers' compensation decisions. As explained in Yeoman v. Com., Health Policy Board, 983 S.W.2d 459, 464 (Ky. 1998), res judicata is the Latin term for "a matter adjudged." It stands for the principle that a final judgment is conclusive of causes of action and facts or issues thereby litigated. Two aspects of the doctrine are claim preclusion and issue preclusion, which is also referred to as collateral estoppel.

Claim preclusion bars a party from relitigating a previously-adjudicated cause of action; whereas, issue preclusion bars a party to a judgment from relitigating an issue that is identical to an issue that was previously litigated, finally decided, and essential to the previous judgment. Issue preclusion may be used both offensively and defensively. Moore v. Commonwealth, Cabinet for Human Resources, 954 S.W.2d 317 (Ky. 1997), and Godbey, supra, at 105, indicate that it may be used against a party to an action by one who was not a party to preclude the relitigation of a matter that was fully litigated and finally decided. But a party to an earlier judgment may not use it against one who

3

was not a party to the action and, therefore, did not have a full and fair opportunity to litigate the issue.

The claimant attempts to use the 1992 finding to rebut the consensus in his present claim, but the defendant-employer was not a party to the 1992 claim and, therefore, was not bound by the finding that the claimant suffered from category 1 disease. In contrast, the claimant was a party to the 1992 judgment that he suffered from category 1 disease. The finding that he suffered from category 1 disease in 1992 bound him in the present claim to show that his exposure while working for the defendant-employer caused a subsequent harmful change in the human organism, i.e., a higher disease category or respiratory impairment. He failed to show such a change.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT,
ROGER MANN:

LEONARD JOSEPH STAYTON
P.O. BOX 1386
INEZ, KY 41224

COUNSEL FOR APPELLEE,
ROCKHOUSE ENERGY MINING CO./SIDNEY COAL:

A. STUART BENNETT
JACKSON KELLY PLLC
175 EAST MAIN STREET
SUITE 500
P.O. BOX 2150
LEXINGTON, KY 40588-9945