RENDERED:  SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1494-MR

WILL MCGINNIS                                                                               APPELLANT


v.                          APPEAL FROM FAYETTE CIRCUIT COURT
                            HONORABLE THOMAS L. TRAVIS, JUDGE
                            ACTION NO. 21-CI-01761


UNIVERSITY OF KENTUCKY AND
KENTUCKY DEPARTMENT OF
REVENUE                                                                                       APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

CETRULO, JUDGE:  This is an appeal from an Order of the Fayette Circuit Court

which granted motions to dismiss filed by Appellees University of Kentucky

Healthcare ("UK") and the Kentucky Department of Revenue ("DOR").  For

reasons set forth below, we affirm the circuit court.

# FACTS

The facts were set forth in the circuit court order, as follows:

> In 2013, Plaintiff sought and received medical treatment at [UK] and incurred a bill for that treatment since Plaintiff did not have insurance at the time. He was billed for the services. He thought it was too high and should have been covered by the University Assistance Program. Plaintiff had an administrative hearing concerning the amount of his bill. The hearing officer issued a decision and allowed Plaintiff to submit exceptions to the decision (the 2014 Administrative Decision). Plaintiff did not appeal the administrative decision. Plaintiff has since brought two actions in Fayette Circuit Court. The first action was commenced in 2016 and was dismissed without prejudice due to a lack of prosecution. The second action was commenced in 2018 against Central Kentucky Management Services (hereinafter "CKMS"), a non-stock, non-profit corporation that performs debt collection services exclusively for UK. In that action, Plaintiff alleged a violation of due process. CKMS removed that case to federal court. The Eastern District Court dismissed Plaintiff's claims in their entirety, holding that Plaintiff's § 1983 claim was barred by sovereign immunity, barred by the statute of limitations, and failure to state a claim. Now, in this action, the Plaintiff is asking for a declaratory judgment and an injunction for the improper taking of his money due to overbilling of his 2013 cardiac stress test. In his amended complaint, he asserts two claims (1) breach of fiduciary duty, and (2) constructive fraud.

Without that recitation of facts by the circuit court, it might be difficult to determine exactly what had transpired in the many years of proceedings below. The brief on behalf of Appellant Will McGinnis ("McGinnis") fails to

-2-

comply with Kentucky Rule of Appellate Procedure ("RAP") 32[1] in multiple and critical ways. Neither the statement of the case nor the argument section contain any citation to the record. There is no citation to legal authority in support of any of the arguments. There are vague allegations and references to alleged conspiracies, due process violations, and separate class actions, with no case numbers or captions provided. There is even a request that this Court order a criminal investigation into $50 million allegedly collected in medical bills from others who are not a part of this proceeding. Obviously, our ability to review those vague allegations is limited.

What is clear, however, is that at every step of the way in the various filings, McGinnis has been seeking review of, and denying responsibility for, his UK medical bill for the EKG/stress test performed over 10 years ago. There is no dispute that he had the test, nor that it was ordered by his physician. He primarily maintains that the charge was too high and that it should have been covered by UK's Financial Assistance Program.

---

[1] UK points out that the brief on behalf of McGinnis fails to comply with virtually every requirement of our appellate rules and urges us to review for manifest injustice only. This Court recognizes that McGinnis is a *pro se* litigant, but that does not exempt him from the requirement to follow the rules. *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). In *Clark v. Workman*, 604 S.W.3d 616, 618-19 (Ky. App. 2020), this Court outlined our options upon such appellate rule failures and elected to review that case for manifest injustice. While we could certainly do so in this case, we have elected to simply address the matter on the merits as did the circuit court.

In the latest filing in 2021, the initial complaint did not identify what cause of action was being asserted. The suit named DOR, but only alleged that UK had turned collections over to the Revenue Cabinet and that his bank account had been seized. The circuit court conducted a hearing on the motions to dismiss and allowed McGinnis to amend the complaint to include the specific causes of action he was asserting. The amended complaint asserted breach of fiduciary duty and constructive fraud, again based on the same actions and events complained of in previous suits. UK and DOR again moved for dismissal of the amended complaint. Following a second hearing, the circuit court granted the motions of UK and DOR and denied the motion of McGinnis to release funds, as moot, due to the dismissal of the underlying claims. This appeal followed.

## STANDARD OF REVIEW

The circuit court's order on a Kentucky Rule of Civil Procedure ("CR") 12 motion to dismiss is reviewed *de novo*, as it presents a pure question of law. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). The circuit court is not required to make any factual determinations, but simply to ask, "if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). We owe no deference to the circuit court on a question of law. *Greissman v. Rawlings and Assocs., PLLC*, 571 S.W.3d 561, 565 (Ky. 2019) (citation omitted). Applying that

-4-

standard here, it is clear that the circuit court properly applied the law to the claims presented.

## ANALYSIS

### A. The DOR Motion To Dismiss

Neither the original complaint nor the amended complaint contained clear allegations against the DOR. McGinnis alleged that UK turned collections over to the DOR and then later stated that his "bank account was seized" in 2016. Apparently, he then entered into a payment arrangement of $25.00 per month that continued for several years, through the time he filed this latest action. That payment agreement was in 2016, and this lawsuit was filed in 2021.

It appears that he is asserting an action for an injury to his person, which would be governed by the one-year statute of limitations set forth in Kentucky Revised Statute ("KRS") 413.140(1)(a). Similarly, a one-year statute of limitations has been applied to declaratory judgment actions, like McGinnis generally asserted here. *See Million v. Raymer*, 139 S.W.3d 914, 918-19 (Ky. 2004). The circuit court found that McGinnis's complaint failed to state any cause of action against DOR; that the statute of limitations had long since expired on any such claim; and that McGinnis had failed to exhaust his administrative remedies by seeking first to appeal any collection activity with the Kentucky Claims Commission or its predecessor, the Kentucky Board of Tax Appeals. Any one of

those grounds would be sufficient to determine as a matter of law that McGinnis is not entitled to relief in this action against the DOR.

Although the circuit court did not reach the issue of sovereign immunity, this Court has noted that "an appellate court may affirm the trial court for any reason sustainable by the record." *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991) (citing *Richmond v. Louisville & Jefferson County MSD*, 572 S.W.2d 601 (Ky. App. 1978)). As such, along with the other failures to state a claim, we find the DOR is immune from this type of suit, pursuant to KRS Chapter 49. That chapter grants exclusive jurisdiction of such claims to either the Kentucky Board of Claims – KRS 49.040 – or the Kentucky Board of Tax Appeals. KRS 49.220. There are several reasons, all sustainable by the record, to affirm the dismissal of DOR.

## B. UK Motion to Dismiss

Similarly, UK set forth at least four reasons why the claims against it should be dismissed. Going back to the initial question of the validity of the debt, McGinnis did contest that issue in a prior administrative action and received a hearing in 2014. McGinnis acknowledges that he did not file a timely appeal from that determination against him, and the first legal action filed by him was in 2016. The amended complaint asserted that the 2014 hearing was "unfair" and simply attempted to relitigate arguments that were previously raised in at least two prior

actions and which were not raised by an appeal from the prior administrative ruling. McGinnis had 30 days from the prior administrative agency determination to appeal to the circuit court. KRS 13B.140(1). He failed to do so and is now precluded from contesting the validity or existence of his debt, and from asserting that he did not have an impartial decisionmaker at that hearing nearly 10 years ago.

"[D]ecisions of administrative agencies acting in a judicial capacity are entitled to the same *res judicata* effect as judgments of a court." *Godbey v. Univ. Hosp. of Albert B. Chandler Medical Ctr., Inc.*, 975 S.W.2d 104, 105 (Ky. App. 1998) (citing *Barnes v. McDowell*, 647 F. Supp. 1307, 1310 (E.D. Ky. 1986), *overruled on other grounds by Thompson v. McDowell*, 661 F. Supp. 498 (E.D. Ky. 1987)). In this instance, McGinnis was barred by his failure to exhaust his administrative remedies and timely appeal that decision.

Similarly, the circuit court determined that the matter was barred under the doctrine of issue preclusion. While "[t]he doctrine of *res judicata* prohibits the relitigation of matters which actually were, or could have been, litigated to a conclusion in an earlier action . . . [t]he doctrine of issue preclusion . . . allows the use of the earlier judgment by one not party to the original action to preclude relitigation of matters litigated in the earlier action." *Godbey*, 975 S.W.2d at 105. *Res judicata* "stands for the principle that *once* the rights of [a party] have been finally determined, litigation should end." *Jellinick v.*

*Capitol Indem. Corp.*, 210 S.W.3d 168, 171-72 (Ky. App. 2006) (citation omitted) (emphasis added).

In this latest filing, McGinnis sued UK. Previously in 2018, he had filed suit on the same issues in an action against Central Kentucky Management Services. CKMS is an affiliated corporation of UK, which performs debt collection services. The federal court considered and dismissed all of McGinnis's claims concerning the validity and amount of the debt and the alleged unfair decision maker/hearing officer. Therefore, issue preclusion bars the exact arguments and claims that the United States District Court for the Eastern District of Kentucky had already considered, and subsequently rejected.

As mentioned, despite the failure to initially state a claim, the circuit court permitted McGinnis to amend his initial complaint to set forth the specific claims he was alleging. He clarified his pleading to allege that his claims were for constructive fraud and breach of fiduciary duty. Constructive fraud arises through some "breach of a legal duty which the law would pronounce fraudulent because of its tendency to deceive others, violate confidence, or injure public interest." *Kendrick v. Bailey Vault Co.*, 944 S.W.2d 147, 150 (Ky. App. 1997) (citing *Wood v. Kirby*, 566 S.W.2d 751 (Ky. 1978)). McGinnis has not established any breach of duty nor that any confidential relationship existed between him and UK.

A fiduciary duty is "the highest order of duty imposed by law." *Abbott v. Chesley*, 413 S.W.3d 589, 600 (Ky. 2013) (internal quotation marks and citation omitted). Such a duty "requires more than the generalized business obligation of good faith and fair dealing." *Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229, 242 (Ky. 2013). In fact, our courts have generally found the "relationship between a bank and a depositor to be one of debtor-creditor and do not ordinarily impose a fiduciary duty of disclosure upon the bank." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991). We are aware of no case law imposing a fiduciary duty based solely upon a debtor-creditor relationship or a provider-customer relationship such as existed between McGinnis and UK. *See de Jong v. Leitchfield Deposit Bank*, 254 S.W.3d 817 (Ky. App. 2007), and *Seeger Enterprises, Inc. v. Town & Country Bank & Tr. Co.*, 518 S.W.3d 791, 795-96 (Ky. App. 2017) (citations omitted) (finding relationships between "a bank and a borrower does not ordinarily impose a fiduciary duty upon the bank"). McGinnis has not provided any, nor set forth any facts establishing such a duty.

"Whether a fiduciary duty exists by virtue of the relationship between various actors is generally a question of law for the courts to decide as it essentially involves a policy determination." *Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 597 (Ky. App. 2017) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245,

248 (Ky. 1992). McGinnis did not adequately establish that UK owed any fiduciary duty to him.

Finally, the circuit court also noted that even if a claim had been stated, the claims were barred by the statute of limitations. KRS 413.120(11) requires an action for fraud to be brought within five years. Similarly, KRS 413.120(6) requires claims for breach of fiduciary duty to be brought within five years. These claims arose out of a debt assessed 10 years ago and, under Kentucky law, the statute begins to run as soon as the injury becomes known. McGinnis, at the latest, had knowledge that the garnishment for the alleged injury occurred in February 2016, more than five years before this lawsuit was filed in July 2021.

McGinnis then asserts that the statute of limitations did not run because there was a "continuing wrong" created by the agreement for continuing monthly payments of the debt. This "continuing negligence" theory "provides that where a tort involves a continuing or repeated injury, then the cause of action does not accrue and the limitations period [does not] begin to run until the date of the last injury." *Davis v. All Care Med., Inc.*, 986 S.W.2d 902, 905 (Ky. 1999). There, the Kentucky Supreme Court declined to adopt the theory in an action between a purchaser and a vendor of medical supplies, finding that there was no continuing, ongoing relationship between the two. *Id.* Indeed, the Court indicated that Kentucky had not fully adopted the continuing negligence theory. *Id.*

-10-

Here, the circuit court properly noted that, if this doctrine applies at all, it does so when there is a continuing wrong, not an injury that can be traced back to one alleged wrong. McGinnis has disputed this same charge since he received the bill in 2013. He has previously attempted to assert claims regarding that transaction which conceivably fell within the statute of limitations. These claims, however, were commenced outside of the statute of limitations and are therefore barred. Thus, we find that the Fayette Circuit Court properly dismissed the claims against UK and DOR, and the order is therefore AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Will McGinnis, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE
UNIVERSITY OF KENTUCKY:

Bryan H. Beauman
Donald C. Morgan
Lexington, Kentucky

William E. Thro
Lexington, Kentucky

BRIEF FOR APPELLEE
KENTUCKY DEPARTMENT OF
REVENUE:

R. Campbell Connell
Frank L. Dempsey
Frankfort, Kentucky